JACKSON, *ex dem.* YOUNG AND OTHERS, *against* ELLIS AND WHITE.

An entry under claim and colour of title is sufficient to constitute an adverse possession, and it is not necessary that it should be a legal and valid title.

A. claiming title to land by descent, made a parol gift of the same to B., under which B entered. and, afterwards, A. conveyed the land to B: it was held that if the deed related back to the entry of B., there was an adverse possession commencing in B.; and if it did not, still, as B., by virtue of the parol gift, became the tenant at will of A., and his possession was to be deemed the possession of A., there was an adverse possession commencing in A.

THIS was an action of ejectment, brought to recover part of lot No. 1., in the patent granted to *Frederick Young* and others, in the town of *Cherry Valley*, in *Otsego* county. The cause was tried before Mr. *J. Spencer*, at the *Otsego* circuit.

Both parties claimed under *Theobald Young*, who, on the 13th *June*, 1771, granted the premises in question to *Frederick Young ;* under this conveyance, and as representatives of *Frederick Young*, it appeared that the plaintiff's lessors sought to recover. It was proved that, about twenty-five years before the trial, *John D. Young*, son of *Theobald Young*, claimed the premises in question as his own, and gave, by parol, part of it, being 100

acres, to his sister *Caty*, the wife of *Jacob Garlock*. *Garlock* and wife went into possession one or two years after, and lived on the lot until about 12 years ago, when they sold and conveyed it to one *Walradt*, since dead, to whom the defendant, *Ellis*, was tenant. The conveyance from *Garlock* to *Walradt* was dated the 7th of *March*, 1800, and, on the 11th of *March*, 1800, *John D. Young* and wife conveyed the same premises to *Garlock*.

Evidence was given of the attainder of the ancestors of the plaintiff's lessors, for adhering to the enemies of the state during the revolution ; but which it is unnecessary to state, as the decision of the court turned altogether on the question of adverse possession.

A verdict was found for the plaintiff, subject to the opinion of the court, on a case to be made, with liberty to either party to turn it into a special verdict.

The case was argued by *Seely*, for the plaintiff, and *Morse*, (*Cady* same side,) for the defendants.

The points raised for the consideration of the court, by the defendants' counsel, were :

1. That there had been an adverse possession for above 20 years.

2. That *F*, and *A. Young* were convicted under the act of attainder of 1779; and that these convictions (the judgments on which were signed in *April*, 1783) were valid, notwithstanding the preliminary treaty of peace of *November* 30, 1782.

3. That all the lessors, on whose demises the plaintiff claims, as well as those under whom the lessors claimed title, are *aliens ;* and, under this point, two propositions were laid down ; *first*, That all persons, wheresoever born, who were not within the jurisdiction of the *United States* at the declaration of independence, are *aliens*, excepting such persons as were absent from necessity, or with intention of returning ; *second*, That all persons who, previous to the declaration of independence, had made their election to continue subjects of the king of *Great Britain*, and did, within a reasonable time thereafter, leave the *United States*, and fly to the *British* dominions, and who have not since returned to this country, but have claimed to be *British* subjects, are, in this state, to be considered *aliens*.

4. Admitting that the rights of the lessors were saved by the treaties of peace between the *United States* and *Great Britain*,

or by the principle, that the dismemberment of an empire cannot destroy a vested right ; yet, inasmuch as the lessors of the plaintiff are aliens, resident in the country of our late enemy, at the commencement of this suit, in 1814, the plaintiff cannot maintain this action. (*Jackson* v. *Decker*, 11 *Johns. Rep.* 418.)

On the first point, the defendants' counsel cited 9 *Johns. Rep.* 180. *Cowper*, 207.

The second and third points were argued at great length ; but as the court have decided the cause on the first point only, it is unnecessary to state the arguments.

*Per Curiam.* In the argument of this case, several very important questions have been raised, which it becomes unnecessary, however, to notice ; because, in the opinion of the court, such an adverse possession has been shown, as to protect the defendants against this form of action. It was admitted upon the trial, that *Theobald Young*, under whom both parties claim, was seised of the premises in question. It appeared in evidence, that *John D. Young*, son of *Theobald*, and who claimed the premises as his own, by descent from his father, did, about 25 years ago, give the same to his sister *Caty*, the wife of *Jacob Garlock*. That one or two years afterwards, and at least 22 years since, *Garlock* and his wife went into possession under this gift. That, in the year 1800, *J. D. Young* gave *Garlock* a deed for the same, and *Garlock* sold to *Walradt*, under whom the defendants hold. It has been repeatedly ruled, in this court, that an entry under claim and colour of title, is sufficient to constitute an adverse holding. It is not necessary, for this purpose, that the title, under which such entry is made, should be a good and valid title. (2 *Caines*, 183. 9 *Johns. Rep.* 174.) Taking this to be the rule of law, there can be no doubt that the possession taken by *Garlock* was under claim and colour of title. Although *Garlock* entered under a parol gift, it must be deemed to be either a possession taken in his own right, and for his own benefit, or in behalf of *J. D. Young*, who claimed the premises by descent from his father ; and, in either point of view, the nature of the possession will be the same. If the deed, subsequently given by *Young* to *Garlock*, relates back to the original entry, then the adverse possession commenced in *Garlock* himself. If it does not, then *Garlock*, under the parol gift, became a tenant at will to

*Young*, and his possession will be deemed the possession of *Young*. (1 *Johns. Cas.* 36.) So that, in whatever point of view the case is considered, the original possession taken by *Garlock,* must be deemed adverse. The defendants are, accordingly, entitled to judgment.

Judgment for the defendants.