GRANT *v.* FOWLER.

Continued, open, visible and exclusive possession of land for more than twenty years, under claim and color of title, is sufficient to give a good and sufficient legal title thereto, without regard to the regularity and validity of the colorable title or to the defects or insufficiency of the instruments confirming it.

TRESPASS, for breaking and entering lot No. 38, in Ossipee, and cutting hay.

Plea, the general issue, and soil and freehold in the defendant.

The plaintiff introduced, as evidence of his title, a deed of May 25, 1833, from John Smith, 3d, to Stephen W. Fowler, containing the condition that if Fowler should pay to Smith two notes, one of $50, in five months, the other of $100, in a year and five months, and interest, said deed should be good and valid, otherwise void.

The plaintiff's evidence tended to prove that this deed was delivered to the grantee at the time of its execution.

The plaintiff then offered a mortgage deed from said S. W. Fowler to Otis Wiswall and Edward Grant, dated April 25, 1836, conditioned to secure a note of $125 and a note of $70.63, both payable to said grantees, in one year from date, and interest, and of even date with said mortgage. The plaintiff offered evidence tending to prove that Fowler was in possession of said land from the date of Smith's deed to him, and that Smith never was in possession afterward; that the condition of the deed, Smith to Fowler, was performed, and also that Smith was present, and advised to the mortgage aforesaid, asserting no claim to the premises; also, that about one year after the execution of said mortgage, said mortgagees, by consent of the mortgagor, entered into possession of the premises; the mortgagor saying he could not redeem it, and if they or one of them would take it for the $125, he would pay

the note for $70.63 when able. The plaintiff then introduced a deed of quitclaim from said Wiswall to said Edward Grant, of the premises, dated Oct. 31, 1837, and a deed of warranty in common form from said Edward Grant to the plaintiff, of August 18, 1847. The plaintiff's evidence tended to prove that said Edward Grant was in possession of said lot from the time of his said entry, about a year after the execution of said mortgage, till he conveyed to the plaintiff, and that the plaintiff had been in possession from that time to the time of the alleged trespasses in May, 1855. There was no evidence of the delivery of said notes, described in the condition of said mortgage to the plaintiff, or of the payment of them, nor any evidence of their existence, at any time except as aforesaid. The plaintiff having rested his case, the defendant offered in evidence a deed from Daniel Smith to John Smith, 3d, dated March 25, 1831, of said lot, and a quitclaim deed from said John Smith, 3d, to the defendant, dated December 16, 1854, of the same lot; and there was evidence of the occupation of said lot by said Daniel Smith before the conveyance by him to said John Smith, 3d, and of occupation by said John after said conveyance before he conveyed to Fowler. Either party may refer to copies of the deeds above named. The parties, for the purpose of raising the questions of law, took the ruling of the court upon the above case, and a verdict was directed for the defendant; which the plaintiff moved to have set aside, and for a new trial, and excepted to the above direction of the court, and filed his bill of exceptions, which was allowed by the court.

*Dearborn,* (with whom was *L. D. Sawyer,*) for the plaintiff.

*Emerson,* (with whom was *S. B. Carter,*) for the defendant.

Fowler, J.    The case finds that the plaintiff offered
evidence tending to show that on the 25th day of May,
1833, Stephen W. Fowler entered upon the *locus in quo*,
under a deed thereof of that date from John Smith, 3d,
claiming to own the same, and that the premises continued
to be occupied constantly and openly by said Fowler, thus
claiming to be their owner in fee, and by those claiming
under him by deeds of warranty, from that time until the
commission of the alleged trespasses in May, 1855,—a
period of twenty-two years.    Upon this evidence it would
have been competent for the jury to have found the con-
tinued, open, visible and exclusive possession for more
than twenty years, under color of title, and therefore
necessarily adverse, of the premises in controversy; and
such continued adverse possession, on the authority of
repeated decisions in this State, would have been sufficient
to give the plaintiff a good and sufficient legal title to
those premises, whether John Smith, 3d, had color of title
to them or not.    But the case further finds that the
defendant offered evidence tending to show that John
Smith, 3d, occupied the *locus in quo* before his conveyance
thereof to Stephen W. Fowler, under a deed of the same
to himself from Daniel Smith, dated March 25, 1831, and
that Daniel Smith, previously and at the time of his con-
veyance to John Smith, 3d, was in the occupation of the
premises.    Here, then, was evidence from which, in con-
nection with that offered by the plaintiff, the jury might
well have found an occupation, open, visible, continuous,
uninterrupted and adverse, by the plaintiff and those under
whom he claimed, from March, 1831, to May, 1855,—a
period of more than twenty-four years; and we see noth-
ing in the facts of the case why such adverse occupation,
under color of title, if found by the jury, would not have
been conclusive to give the plaintiff a complete and perfect
legal title to the tract of land on which the trespasses
declared for were alleged to have been committed.    *Gage*

v. *Gage,* 30 N. H. 420, and authorities cited; *Hoag* v. *Wallace,* 28 N. H. 547; *Tappan* v. *Tappan,* 31 N. H. 41; *Cobleigh* v. *Young,* 15 N. H. 493.

It is objected by the defendant that the title under which the plaintiff and his grantees have claimed and occupied was defective and invalid. It is not necessary for the purposes of this case to inquire into the sufficiency or validity of that title, since all the authorities concur in holding distinctly, that it is wholly immaterial as to the effect of an entry and continued, open, visible, adverse occupation under a colorable title, whether that title be valid or not, and whether the instruments conferring it be defective or not. *Riley* v. *Jameson,* 3 N. H. 23; *Towle* v. *Ayer,* 8 N. H. 59; *Buck* v. *Young,* 11 N. H. 485; *Bailey* v. *Carleton,* 12 N. H. 15; *Lund* v. *Parker,* 3 N. H. 49; *Sanborn* v. *French,* 22 N. H. 249.

To constitute an adverse possession, it is only necessary that it should have been under claim and color of title. It has never been considered necessary that there should be a rightful and perfect title. Whenever a claim of title by adverse possession is insisted upon, the idea of a perfect paper title is excluded. The fact of possession, and the *quo animo* it was commenced and continued, are the only tests. *Jackson* v. *Newton,* 18 Johns. 355; *Jackson* v. *Ellis,* 13 Johns. 118; *Jackson* v. *French,* 3 Wendell 337; *Jackson* v. *Miller,* 6 Cowen 751; *Jackson* v. *Woodruff,* 1 Cowen 276; *Jackson* v. *Camp,* 1 Cowen 605; *Jackson* v. *Frost,* 5 Cowen 346; *Jackson* v. *Brink,* 5 Cowen 483.

It is not necessary that an adverse possession, in order to be available, should commence under an effectual deed. Though the possessor claim under written evidence of title, and, on producing that evidence, it prove to be defective, yet the character of his possession as adverse is not affected by the defect of his title. The possession will be adverse, if had and continued under claim and color of title, however groundless the supposed title may prove to be. *Lafsombais* v. *Jackson,* 8 Cowen 589.

Grant *v.* Fowler.

The evidence for the plaintiff, that his possession, and that of his grantors, under whom he claimed, was taken and continued under claim and color of title, seems to have been entirely clear and uncontradicted. Stephen W. Fowler entered under the deed from John Smith, 3d, claiming to be the absolute owner in fee, and the evidence tended to show his compliance with the condition of his deed, so as to give him a perfect legal title. He conveyed to Wiswall and Grant with full covenants, surrendered the possession to them as absolute owners under his deed, and they so occupied. Wiswall quitclaimed to Grant, and the latter conveyed with warranty to the plaintiff. There is nothing in the evidence upon either side, as reported in the case, tending in the slightest degree to show, that, from the time when Daniel Smith, being in possession, on the 25th of March, 1831, conveyed to John Smith, 3d, there had not been a continued, open, visible and uninterrupted possession of the premises on which the alleged trespasses were committed, down to the time of those trespasses in May, 1855, by those holding under deeds describing and undertaking to convey the premises by metes and bounds, and claiming to be the absolute owners thereof in fee by virtue of those deeds. This adverse possession under color of title had been continued for more than twenty-one years after John Smith, 3d, conveyed the premises to Stephen W. Fowler, before said Smith gave to the defendant the quitclaim deed under which he undertook to enter when he committed the alleged trespasses.

The suggestions of the defendant's counsel, in regard to the subordination of the possession proved, to the legal title in John Smith, 3d, do not seem to be warranted by the facts in the case, since it is expressly stated that the plaintiff's evidence tended to prove the performance by Stephen W. Fowler of the condition of his deed from said Smith, and also that Smith was present and advised to the mortgage from Fowler to Wiswall and Grant, so as to be

estopped to assert any adverse title in himself as against that mortgage. The jury would manifestly, therefore, have been justified in finding from this evidence that the legal title was in Stephen W. Fowler and his grantees, from the date of Smith's deed to him.

In any view of the matter which we have been able to take, the verdict directed for the defendant cannot stand, and the same must be set aside and a new trial granted.

*Verdict set aside.*