THOMAS WINSTANLEY
*v.*
WILLIAM MEACHAM.

1. ALLEGATIONS AND PROOFS—*in ejectment.* Where a plaintiff in ejectment, in his declaration claims one estate in the land, he can not recover a different estate. Nor can he claim one undivided interest and recover another and different interest. The allegations and proofs must agree.

2. COLOR OF TITLE—*tax deed defectively acknowledged.* It would be error to admit a tax deed not properly acknowledged, or without proof of the signature of the sheriff, as color of title. But in such a case it is not necessary to prove the rendition of the judgment for the sale of the land, or to produce a precept or other precedent act of the officers of the law to entitle a tax deed to be read in evidence as color of title. To constitute color of title under the statute, it is only necessary that the deed purports to convey title, and has been received in good faith.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of ejectment brought by William Meacham, in the Circuit Court of St. Clair county, against Thomas

Winstanley, for the undivided fourth of the E. ½ S. E. qr. sec. 28, town 2, north range 9 west. The case was tried by the court by consent of parties. Plaintiff claimed title as one of the heirs of Berry Meacham, deceased. Evidence of heirship was introduced, and a patent from the United States government to Berry Meacham, from whom plaintiff claimed to inherit his interest in the land.

Defendant offered in evidence a tax deed for the land, executed by the sheriff of the county, to prove claim and color of title, but it was rejected, on the ground that it was not properly acknowledged, and because a judgment and precept were not produced. Defendant then offered to prove that one Hughes paid all the taxes from the date of the tax deed until the 1st of May, 1857, full seven years, and that Hughes, on the sixth of that month, conveyed the land to one McClintock, and that he paid all taxes from May 1st, 1857, till March 22, 1862, and that McClintock, on the last date, conveyed the premises to defendant, and that he had paid all taxes from the time of his purchase till the trial, but the court rejected this evidence. The court rendered judgment in favor of the plaintiff, from which defendant has appealed to this court.

Messrs. Snyder & Dill, for the appellant.

Mr. Justice Scott delivered the opinion of the Court:

The appellee has filed no brief in this case, and under the recent rules, this judgment for that reason alone could have been reversed. We do not propose to discuss the case at any length on its merits. There is, however, manifest error in the record for which the judgment will have to be reversed.

The appellee, in his declaration, claims an undivided one-fourth interest in the premises in controversy in fee simple. This was a material averment, and it was necessary for the appellee to prove it as alleged. A party can not claim in his declaration in ejectment an entire estate, and recover on the

evidence an undivided interest in that estate. He can not recover a different estate from that which he claims. But if he declares for the whole premises, he may recover for a distinct part; or, if he declares for an undivided share he may recover that share in any part of the premises. If he declares for an undivided one-fourth interest, he can not recover an undivided one-third interest in the premises. A party is bound by the allegations of his declaration, and can not recover a different estate from that which he has alleged. *Ballance* v. *Rankin*, 12 Ill. 420 ; *Rupert* v. *Mark*, 15 Ill. 540.

The appellee claims to derive his title from Berry Meacham, as one of his heirs at law. The evidence as to the number of heirs entitled to share in the estate of Berry Meacham is very indistinct. The impression that the evidence makes on our minds is, that Meacham only left three children and their descendants as his heirs at law. It certainly does not affirmatively appear that there were four heirs. If there were not four heirs, or representatives of such heirs, then there would be a fatal variance between the declaration and the proof.

At the trial the appellant offered a tax deed as color of title, to the reading of which, as evidence, the counsel for the appellee objected, on two grounds, as stated in the bill of exceptions: first, that the certificate of acknowledgment of said deed was not sufficient; second, that the deed was not preceded by a judgment and precept; which objections the court sustained. We think the court, in the absence of any proof of the signature of John Irwin, who executed the deed, ruled correctly on the first objection. The acknowledgment is defective in not stating that the party who executed the deed was known to the officer making the certificate, as the identical person described in the deed as having executed the same.

A sheriff's deed, like all other deeds except that of a married woman, is good without acknowledgment, and if the signature is proven to be the genuine signature of the person described in the deed as having executed the same, it will be competent and legitimate evidence. *Stephenson* v. *Thompson*, 13 Ill. 186.

The second objection is untenable. It is not necessary that a sheriff's deed should be preceded by a judgment and precept before it can be used as color of title. The party relying upon it as color of title, is not bound to show that the prerequisites of the statute have been complied with. Any deed that purports on its face to convey the title to land is color of title, if received by the party in good faith, and it is wholly immaterial whether it is preceded by any valid judgment and execution or precept. It has always been held sufficient that the deed purports on its face to convey the title, and is received by the grantee in good faith. *Holloway* v. *Clark*, 27 Ill. 483 ; *Dickenson* v. *Breeden*, 30 Ill. 279 ; *Hassett* v. *Ridgely*, 49 Ill. 202.

We are not advised as to what objection was taken to the deeds of Hughes to McClintock and McClintock to appellant, as evidence of claim and color of title in the appellant.

The deeds on their face purport to convey the title to the land, and we are unable from this record to perceive any legal objection to their admission in evidence for the purpose for which they were offered.

For the reasons indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER : I do not concur in holding that the sheriff's deed should have been excluded as claim and color of title because of the defective acknowledgment. The deed purported to convey title and that constitutes color, and there may have been as good faith with the defective as with a perfect acknowledgment.