## The Lake Shore and Michigan Southern Ry. Co.

### *v.*

## The Pittsburg, Ft. Wayne and Chicago Ry. Co.

1.   LIMITATION—*seven years' possession and payment of taxes on railroad.* If a railway company in possession of a railroad and its appendages, under a deed which is color of title, acquired in good faith, pays all taxes legally assessed thereon for seven successive years preceding the commencement of a suit in equity to divest its title to land occupied by it as a right of way, this will be a complete defense.

2.   SAME—*color of title and good faith.*   Even if a deed is made from a mere volunteer, without title, it will still be good color of title under the Limitation laws, and the presumption, in the absence of proof to the contrary, is, that it was acquired in good faith.

3.   DESCRIPTION *of land in a deed.*   A conveyance of railroad property purported to convey "all and singular the railroad of the Pittsburg, Fort Wayne and Chicago Railway Company, including the right of way therefor, the road-bed thereof, the superstructure of all sorts thereon, its water and station houses and shops, and the lands and grounds

connected therewith, and all depots and buildings, fixtures and structures of whatever nature, and the lands and grounds connected therewith, used or provided to be used in operating said road, wherever situated :" *Held*, that the description was good, as the lands intended to be conveyed might be identified and distinguished from all others; and that parol evidence was admissible to identify and connect the land with the description in the deed.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

This was a bill in chancery, by the appellee against the appellant, claiming the right of way occupied by the defendant over a tract of land, and charging that no steps had been taken to condemn the same. The court below dissolved the temporary injunction, and dismissed the bill, from which the complainant appealed.

Mr. JAMES MASON, Mr. C. D. ROYS, and Mr. JOHN B. NILES, for the appellant.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The decree of the court below must be affirmed, for the reason that, in our opinion, the evidence shows appellee was in possession of the property in controversy, under color of title, made in good faith, and had paid all taxes legally assessed thereon for seven successive years preceding the commencement of suit.

The deed from Lanier and others to appellee, dated March 2, 1862, purported to convey "all and singular the railroad of the Pittsburg, Fort Wayne and Chicago Railway Company, including the right of way therefor, the road-bed thereof, the superstructures of all sorts thereon, its water and station houses and shops, and the lands and grounds connected there-

with, and all depots and buildings, fixtures and structures of whatever nature, and the lands and grounds connected therewith, used or provided to be used in operating said road, wherever situated."

Even if the deed from Lanier and others appears, as appellant claims, to be from mere volunteers, it is still good color of title ; and the presumption, in the absence of evidence to the contrary, is, that it was acquired in good faith. *McCagg* v. *Heacock et al.* 34 Ill. 476 ; *Winstanley* v. *Meacham*, 58 Ill. 97 ; *Brooks* v. *Bruyn*, 35 id. 392 ; *Morrison* v. *Norman*, 47 id. 477 ; *Hinkley* v. *Greene*, 52 id. 223 ; *Barger* v. *Hobbs*, 67 id. 592 ; *Fritz* v. *Joiner*, 54 id. 101.

We are of opinion that the description in the deed is such that the lands intended to be conveyed may be identified and distinguished from all other lands ; and this has always been held to be a sufficient description for the purpose of conveying title. *Williams* v. *Warren*, 21 Ill. 550 ; *Bissett* v. *Bowman*, 54 id. 254.

The railroad track is, itself, a fixed monument. The 21st section of the charter of the Pittsburg, Fort Wayne and Chicago Railway Company authorized it to acquire the right of way one hundred feet in width ; and the evidence shows that company was in possession of one hundred feet in width, as right of way, and paid taxes thereon from 1858 to 1862.

Parol evidence was admissible to identify and connect the land with the description in the deed. *Bowman* v. *Wettig*, 39 Ill. 416. And this being resorted to, there would appear to be no difficulty in determining the boundaries and location of the one hundred feet of right of way.

We forbear the expression of any opinion on the other questions discussed in argument.

*Decree affirmed.*