## TURNER HORNE, APPELLANT, VS. CARTER'S ADMINISTRATORS, APPELLEES.

1. Under the plea of not guilty in an action of ejectment, the defendant may prove an adverse possession. Chapter 3244, Laws of 1881, does not change the rule in this respect. It provides only that if the defendant wishes to *deny* possession of the premises, or wishes to *deny* that he claims adversely to the plaintiff, or to his title, it must be done by special plea.

2. A plea claiming to be a plea "on equitable grounds," but which sets up no fact upon which the defendant, if judgment was obtained against him, would be entitled to relief against it, may be stricken out on motion, or by sustaining a demurrer.

3. A plaintiff in ejectment is bound by the allegations in his declaration, and can recover possession of no greater quantity of land than he claims. He may, under certain circumstances, recover a lesser estate, interest or quantity, but never a greater.

4. It is not error for the court to refuse to give an instruction to the jury, requested by defendant's attorney, as to the adverse possession claimed by the defendant, unless there is embodied in such request a submission to the jury as to the fact whether such adverse possession had continued for the statutory period of seven years.

5. The appellant is responsible for the correctness of the record sent up to this court. When such record does not furnish the evidence or facts upon which alleged errors are based, this court will conclude that the rulings of the court below were in conformity to the law.

6. There is no error in refusing to admit improper and hearsay evidence ; but there is error in refusing to strike out such evidence when the same has been improperly admitted.

7. An adverse possession may, after the lapse of the statutory period, confer a possessory title which is good even as against the former owner. To constitute an adverse possession, it is not necessary that there should be a rightful title in the party setting up the defence. The idea of right is excluded by the very fact of the defence.

8. "A claim of title is efficacious as a ground of title by adverse possession ; and neither a deed, nor any equivalent muniment of title is necessary for that purpose, when there is an actual occupation, with an oral claim of exclusive title, or other circumstances by which the absolute owner is ordinarily distinguished from the naked possessor."

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

D. L. McKinnon for Appellant.

J. F. McClellan for Appellees.

Mr. Justice VanValkenburgh delivered the opinion of the court.

This was an action of ejectment brought by James H. Richardson and Jacob H. Stephens, Administrators of the estate of Francis M. G. Carter, deceased, against Turner Horne. The declaration alleges that the defendant is in possession of a certain tract of land in the county of Jackson, described as follows: "The west half of southwest "quarter of section twenty-one, township five, range ten, "north and west, less five acres, including the Carter mill, "containing about seventy-five acres." The plaintiffs claim title to the said lands and mesne damages to the amount of one hundred dollars per year.

The defendant plead as follows:

Horne v. Carter's Adm'rs—Opinion of Court.

I. That he is not guilty.

II. That he has been in adverse possession of the lands described for more than seven years before the commencement of this suit.

III. For equitable plea, that this defendant is the son of one Toney Horne, who purchased the land in the declaration mentioned about ten or eleven years ago, and inasmuch as he was growing old and decrepit and unable to till the land, he induced this defendant, who was then living some distance from his said father, to break up his home, where he was doing very well, and come and accept as a gift from him the said land, where defendant could live and assist him in his declining years, he being now about seventy-nine or eighty years old; that defendant, eight or nine years ago accepted the gift of land from his said father and immediately went into possession of said land and has remained continually in possession of it ever since, and has made some valuable, substantial improvements on the same, worth not less than two hundred dollars. But being ignorant and illiterate he failed to take a deed from his father to the land, both of them supposing that it was unnecessary, as defendant was in actual possession of the land, and that the verbal gift was sufficient; that although there was no stipulated price to be paid for the land, nevertheless the defendant, in consequence of the gift, has given his said father more than the land would have brought at the time, and, indeed, considers that he has fully paid for the same; that his said father was not in possession of said land at the time of the purchase of the same by the plaintiffs under an execution against his said father.

The plaintiffs joined issue as to the first plea; moved to strike out the second plea, and demurred to the third plea.

The court struck out the second plea, and sustained the

demurrer to the third plea. The defendant duly excepted
to such orders of the court.

At the June term, A. D. 1882, the cause came on to be
tried by a jury who rendered a verdict as follows: "We,
" the jury, find that the plaintiffs have a fee simple title to
" the west half of the southwest quarter of section twenty-
" one, township five, range ten, north and west, and assess
" the damages one cent." Judgment was entered in favor
of plaintiffs in the language of the verdict.

The attorney for the defendant moved for a new trial,
which was denied by the court, and the defendant excepted
to such ruling of the court.

The defendant brings his appeal from this judgment and
assigns the following errors:

1. The court erred in granting the motion to strike out the
second plea and in sustaining demurrer to the third plea.

2. The verdict of the jury and the judgment of the court
gave to the plaintiffs five acres more land than was claimed
by the plaintiffs in their pleadings.

3. In refusing to give special instructions one and four
asked by the defendant.

4. In overruling defendant's objection to the introduction
of the tax books of 1872 to prove that there was a war-
rant and sale.

5. In refusing to permit A. Merritt to answer the two
last questions asked by defendant's attorney.

6. In overruling the objections of defendant's counsel to
the questions asked George A. Baltzell, a witness for
plaintiffs, in rebuttal as to what Toney and B. Horne said.

7. In refusing to rule out the evidence of L. M. Gamble
in rebuttal.

8. In refusing to permit defendant to introduce Toney
Horne and Bynum Horne in rebuttal of G. A. Baltzell and
L. M. Gamble.

9. In charging the law to the jury in the general charge in stating that there could be no adverse possession against him who held the legal written title, and that there " could "be no title to land except by a written deed given by the " party selling or giving to the party buying or accepting, " &c."

10. In refusing to grant defendant's motion for a new trial, and to give general charges of defendant as requested.

The court granted the motion to. strike out the second plea, and sustained the demurrer to the third plea. The statute as passed by the Legislature in 1881 (McC. Dig., 481, §6,) reads as follows: " The plea of not guilty in eject-" ment shall be held to admit the possession of the defend-" ant, or in case of an adverse claimant, the adverse claim " of the defendant. Should defendant wish to deny posses-" sion, or that he claims adversely, it shall be done by spe-" cial plea." In this case the only plea necessary was that of not guilty. In actions of ejectment the question to be tried is that of title and right of possession, and the first plea of the defendant in this case put those questions ·in issue.· The evidence admitted on the trial was pointed to the very issues tried to be made by the second and third pleas of the defendant. The court did not err in striking out the second plea and in sustaining the demurrer to the third plea. In Wade *et al.* vs. Doyle, 17 Fla., 522, this court in its opinion says: " Under the plea of not guilty, " evidence to prove adverse possession is admissible, though " the statute of limitation is not pleaded." 94 U. S., 775. Special pleas of this character were not admissible at common law, and the statute does not make them so. As remarked by the Supreme Court of Pennsylvania, in Zeigler vs. Fisher, 3 Penn. State, 367, when treating of a like statute to ours : " The act declares that the plea in ejectment " shall be ' not guilty,' thereby reducing the issue to one

4

"simple plea adapted to the trial of the merits with more "facility and certainty." Weiskoph vs. Dibble, 18 Fla., 23.

The statute of 1881 above cited does not change the law in this respect. It provides simply that if the defendant wishes to *deny* possession of the premises claimed by the plaintiff, or wishes to *deny* that he claims adversely to the plaintiff or his title it shall be done by special plea.

Counsel for the defendant in his argument insists it was error in the court to sustain the demurrer to the third plea for the reason that if the plea was an improper one, it could not be reached by demurrer, but only on motion to strike out, and cites §72 of the pleading and practice act. Chapter 1096 Laws. It is immaterial whether such plea is struck out on motion or on demurrer. It is not what it purports to be, "a plea on equitable grounds." It sets up no fact upon which the defendant, if judgment were obtained against him, would be entitled to relief against it.

The second assigned error, that the judgment of the court gave to plaintiff more land than is claimed in the pleadings, is well taken. The plaintiffs in their declaration claim to recover " the west half of southwest quarter of sec- " tion twenty-one, township five, range ten, north and west, " *less five acres including the Carter mill*, containing about " 75 acres." The verdict of the jury is as follows : " We, " the jury, find that the plaintiffs have a fee simple title to " the west half of the southwest quarter of section twenty- " one, township five, range ten, north and west, and assess " the damages one cent." The judgment as entered follows in the language of the verdict, and does not except from the effect of the judgment " five acres including the Carter mill."

There is here a variance between the declaration and the judgment, the judgment being for a greater quantity of land than is claimed in the declaration. It is a well settled rule

that a party is bound by the allegations in his declaration, and that he can recover no greater quantity, or a different estate from that which he has alleged in his declaration. The judgment must follow the complaint, and when that clearly states the interest or estate claimed by the plaintiff, he cannot recover a greater interest or estate. He may, under certain circumstances, recover a lesser estate, interest or quantity of land, but never a greater interest or a larger quantity. Ballance vs. Rankin, 12 Ill., 420 ; Winstanley vs. Meacham, 58 Ill., 97 ; 3 Wait's Actions and Defences, 122 ; Tyler on Ejectment, 580, and cases cited.

The third error assigned is in the courts refusing to charge the jury as asked for by defendant, as numbered one and four. The request so made by defendant of the court is as follows : " One. If you believe from the evidence that the " defendant, Turner Horne, was in possession of the land, " holding adversely to Toney Horne, that is, was holding " possession of the land as his own, under a verbal gift " from Toney Horne, then it was not subject to the execu- " tion under which it was sold, and the plaintiffs cannot re- " cover it from him." The court charged as requested except that it struck out the words : " that is, was holding " possession of the land as his own under a verbal gift " from Toney Horne," and by adding as a qualification these words : " such possession in case of being supported " by deed or other colorable title was different from posses- " sion without color of title, in which latter case only the " lands actually occupied and enclosed are protected by " seven years' possession."

The request on part of defendant, numbered four, was as follows : " If you believe from the evidence that Toney " Horne was not in possession of the land, and Turner " Horne held it adversely to him at the rendition of this " judgment in April, 1881, then the plaintiffs cannot re-

cover." The court charged as requested, adding these words thereto: "That deed carried possession except against "actual adverse possession."

The statute of this State, Chapter 1869, Laws of 1872, §7, provides as follows: " When it shall appear that there "has been an actual, continued occupation of premises un-"der a claim of title, exclusive of any other right, but "not founded upon a written instrument or a judgment or "decree, the premises so actually occupied, and no other, "shall be deemed to be held adversely." And further to determine what premises shall be declared to have been so held adversely, the eighth section of the same act provides that: "For the purpose of constituting an adverse posses-"sion by a person claiming title, not founded upon a writ-"ten instrument, judgment or decree, land shall be deemed "to have been possessed and occupied in the following "cases only: First. Where it has been protected by a sub-"stantial enclosure; or second, where it has been usually "cultivated or improved."

.The result of the action of the court was a refusal to give the charge *as requested.* Was the instruction correct *as requested?* We think not, because it would charge, that if Turner Horne was in possession, holding adversely to Toney Horne, and as his own property, it was not subject to the execution; whereas, the statute requires such adverse holding for the period of seven years before the suit. The court, therefore, properly refused to give it. The change made in the instruction so asked to be given, made it the instruction of the court. Such addition made by the court was incorrect in this, that it would exempt under claim of adverse possession only such lands as were occupied and enclosed, not such as were " protected by a sub-" stantial enclosure," or " when it had been usually cultiva-

ted or improved." The addition or qualification should have been in accordance with the law above cited.

The request, numbered *four*, was in like manner refused, the court not giving it as.requested. It was properly refused because it instructed the jury that the plaintiff could not recover if Toney Horne was not in possession, and Turner Horne was in possession, holding adversely to Toney at the rendition of the judgment in 1881, though seven years of such adverse possession had not elapsed. The words added to the instruction by the court cannot be good ground of exception by the appellant.

The fourth error assigned is in overruling defendant's objection to the introduction of the tax books of 1872. It is questionable whether this proof was material, the tax deed having been given in evidence without objection, but if it was so material the tax book's warrant, and the proof of sale under such warrant as embodied in the book, are not before this court. They are not in the record, nor in any manner made a part of it. The appellant is responsible for his record, and when such evidence is not properly furnished this court will conclude that the rulings of the court below are in conformity to the law.

The fifth error assigned is in refusing to permit witness, A. Merritt, to answer the following questions, asked by the defendant's attorney :

Did you have any conversation with Turner Horne in 1873 or 1874, about who the land in question belonged to ?

Did you hear Toney Horne say in 1873 or 1874, whether or not he had given the land to defendant ?

There was no error in the courts refusing to permit the witness to answer the questions, as asked by the defendant's attorney. The answers would have been simply hearsay, were in no way proper to be given, and could not affect the title to the land. Facts showing the use and occupation of

the land by the possessor would be the best proof of actual possession.

The sixth error assigned is in overruling objections of defendant's attorney to questions asked George A. Baltzell, witness for plaintiff, as follows: "State anything you "may have heard either Toney Horne or Bynum Horne say "about the defendant paying rent to Toney Horne for the "land in question." Defendant's attorney objected to this answer on the grounds:

First. It would be hearsay evidence.

Second. No predicate was laid for asking the question or contradicting Toney and Bynum Horne.

Third. Because Turner Horne was not present at the time.

The fact of the payment of rent by Turner Horne was competent to be proven in the usual way. No question as to such payment had been propounded by plaintiff's attorney to either Toney Horne or Bynum Horne, and no evidence had been introduced to that fact. Both Toney Horne and Bynum Horne had been introduced as witnesses and their evidence appears in the record. Toney Horne swears that he "never rented it (the land) to defendant, nor has he "ever paid me rent for it." Bynum Horne testified "that "the defendant had never paid Toney Horne any rent for "the land." The attention of these witnesses, or either of them, was not called to any conversation had with George A. Baltzell or any other person at Carter's mill some time after the sale of the land in question. Previous to the asking of the question to Baltzell by the plaintiff's attorney, Baltzell had testified "that he had a conversation with To- "ney Horne and Bynum Horne at what is known as Car- "ter's mill, some time after the sale of the land in question, "but Turner Horne, the defendant, was not present." The evidence so offered and introduced by the plaintiffs' attorney

was clearly incompetent under the rules of law and should have been excluded. If the object was to impeach the evidence of Toney and Bynum Horne, their attention should have been first called to the time and place of such conversation and the person. or persons with whom it was had. As it was introduced it was simple hearsay evidence and could not in any event bind the defendant, Turner Horne, who was not present, either to assent or dissent from the statement.

The seventh error assigned is that the court refused to strike out the evidence of L. M. Gamble in rebuttal. Gamble testified that he had a conversation with Toney Horne in 1879, in which Toney spoke of the land in question as his, "and that somebody, I believe Mr. Carter, was trying " to take it away from him. Toney said Carter had a mort- " gage on the Carter mill tract, and might take that away, " but he could not take away the land Turner lived on ; " that he, Toney, had the deeds to that land and claimed it " as a homestead, and asked me if he could not homestead " it."

Previous to this evidence of Gamble, the defendant proved by Judge Baltzell, County Judge, that he made out an exemption homestead in Toney Horne's name to the land in question and gave them a certificate of it, before the sale on execution against Toney Horne. It was also proved that the sale of said land upon execution against Toney Horne was forbidden by the attorney of Toney Horne, on the ground that it was his homestead, and that the same was recorded in the County Judge's office as his homestead, and that a certificate from the County Judge to that effect was shown to the sheriff. The evidence of Gamble was improperly admitted, being hearsay, and there was error in refusing to strike it out.

Turner Horne is in no manner connected with the conversation with Toney Horne.

It is unnecessary under the views expressed to consider the eighth ground of error.

The ninth error assigned relates to the charge of the court " in stating that there could be no adverse possession against " him who held the legal written title, and that there could " be no title to land except by a written deed given by the " party selling or giving to the party buying or accepting," &c.

This charge is evidently erroneous. An adverse possession may, after the lapse of the necessary time, confer a possessory title, which is good even against the previous owner. To constitute an adverse possession it is not necessary that there should be a rightful title in the party setting up the defence; the idea of right is excluded by the very fact of the defence. In Tyler on Ejectment, page 887, it is said: " It is wholly immaterial whether the claim upon which an adverse possession is founded is made upon a valid or void instrument; nor indeed is it necessary, except in cases of constructive occupancy, that the claim should be founded upon any written instrument whatever. But the possession must be under a claim of the entire title, and the same must be in open hostility to the true title." Harpending vs. Ref'd Dutch Church, 16 Peters, 455 ; Humbert vs. Trinity Church, 24 Wend., 587; Kent vs. Harcourt, 33 Barb., 491.

A claim of title is efficacious as a ground of title by adverse possession, and neither a deed nor any equivalent muniment of title is necessary for that purpose, where there is an actual occupation, with an oral claim of exclusive title, or other circumstances by which the absolute owner is ordinarily distinguished from the naked possessor. 3 Waitt Actions and Defences, 19 ; Sands vs. Hughes, 53 N. Y., 287 ;

Jackson *ex dem.* Young vs. Ellis & White, 13 John., 118 ; LaFrombois vs. Smith, 8 Cow., 589.

The case of Comins vs. Comins, 21 Conn., 413, was, in some respects, like that under consideration. The plaintiff claimed to recover possession of a barn yard and buildings thereon, claiming title as executor of Josiah Comins, who had formerly owned the premises. The defendant claimed that Josiah Comins, his father, had given the barn and yard to him, the defendant, to induce him to remain and not to remove out of the State. That he immediately took possession of the premises and used and occupied them as his own for a period of more than fifteen years, and claimed that such use was a bar to plaintiff's recovery. The court in its opinion says : " It is the claim of title with which a " possession is accompanied, which shows that the possessor " occupied the land as his own, and not as tenant, or recog- " nizing the title of another, and for that reason such posses- " sion is adverse.  *  *  *  *   It would have been suffi- " cient in this case for the defendant to show that he was in " possession of the premises for the period of fifteen years, " under such claim of title, or as his own, without adducing " any grant, or other color of title under which he claimed " to hold.  *  *  *  *   We cannot perceive how an entry " and possession under a claim of title in himself by virtue " of a void grant," (*under the Statute of Frauds of Connecticut*) " whether by parol or deed, is less adverse than if taken and " held without any color of title whatever ; there is the same " possession under a claim of title, and the same destitution " of a regular valid title in both cases."

For the reasons assigned in this opinion the judgment must be reversed and a new trial awarded.

Judgment reversed.