MICHIGAN TRUST COMPANY, et al., Plaintiffs in Error, v. GEORGE CANADA, Defendant in Error.

Opinion Filed Jan. 28, 1913.

1. Title by adverse possession without color of title may be acquired only where the land has for the requisite period of time, under a claim of title exclusive of any other right, been actually and continuously occupied by being protected by a substantial enclosure, or by being cultivated or improved.

2.   Testimony that a party is in possession of described land,
     that he has lived on it for 17 years, has built a house, cleared
     the land and fenced the premises, does not show the char-
     acter of possession required by the statute to ripen into title
     by adverse possession without color of title.

Writ of Error to the Circuit Court for Orange County.

Judgment reversed.

*Starbuck & Starbuck,* for Plaintiffs in error;

*Massey & Warlow,* for Defendant in error.

WHITFIELD, J.—In an action of ejectment brought by
the plaintiffs in error against George Canada there was
judgment for the defendant.  On writ of error it is con-
tended, among other things, that the verdict is contrary
to the evidence.

The defendant "admitted in open court that the plain-
tiffs had proved a good record title."   Thereupon the
defendant testified as follows:  "I am the defendant in
this case.   I am in possession of the tract of land which
I suppose is that described by witness Miller.   I have
lived on that place for 17 years; have built a house,
cleared the land and fenced the premises.   All the land
that is at present occupied by me, has been occupied by
me for more than 10 years; I last built a fence about four
years ago, and that was to replace a burnt fence and that
was on the line of the old fence.   I have enclosed no land,
not previously enclosed, for about ten years.   I have
resided there with my wife and children all the time.   I
am a cattle man."

This is the only evidence as to the character of the
defendant's actual possession and occupancy of the land,

and there is no claim that the possession was under color of title. There is a claim that the possession was adverse.

Title by adverse possession without color of title may be acquired only where the land has for the requisite period of time, under a claim of title exclusive of any other right, been actually and continuously occupied by being protected by a substantial enclosure, or by being cultivated or improved. Sec. 1722 Gen. Stats. of 1906.

The evidence as to possession does not indicate that the fence mentioned was a substantial enclosure or that the land has been cultivated or improved. Testimony that the defendant "built a house, cleared the land and fenced the premises," does not comply with the requirements of the statute to mature a title by adverse possession without color of title.

The judgment is reversed.

SHACKELFORD, C. J., and TAYLOR, COCKEREL and HOCKER, J. J., concur.