OSCEOLA FERTILIZER COMPANY, A CORPORATION, *Plaintiff in Error,* v. T. SOL BEVILLE, *Defendant in Error.*

### Opinion Filed November 22, 1923.

1. It is well settled in this State that in ejectment evidence to prove adverse possession is admissible under the plea of not guilty.

2. In ejectment a plea on equitable grounds alleging error in description both in an agreement and deed of purchase contrary to the intention of both parties thereto is good.

3. In ejectment a plea on equitable grounds containing a prayer to reform such agreement and deed of purchase for error in description is improper only as to the prayer to reform.

4. In providing the defense on equitable grounds our statute is very liberal, and to give effect to it the courts should properly admit such evidence as would be permissible to establish the facts set out therein if they were alleged in a bill in equity and which would entitle defendant to relief against the judgment if obtained at law.

5. Under the common law rule no defenses were permissible in ejectment except those strictly legal in character. The plea of not guilty makes available all legal defenses.

6. A motion for new trial and a ruling thereon with exception duly taken are necessary to question the sufficiency of all the evidence to sustain the verdict, but any portion of the evidence of a material witness may be reviewed by the Appellate Court if such evidence was duly excepted to at the trial or hearing in the absence of a motion for new trial.

7. The law seems to be of universal application that adverse possession of lands maintained for the time provided by statute vests the occupant with title against that claimed either by strangers or former owners thereto as completely as if there had been a conveyance by deed. The policy of the

law is not to punish those who neglect to assert their rights, but to protect those who have continued in possession of lands for the time specified by statute under or without color of title.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Broward County; E. C. Davis, Judge.

Judgment affirmed.

*Baxter & Chancey,* for Plaintiff in Error.

*Farrington & Lockhart,* for Defendant in Error.

TERRELL, J.—Eliminating consideration of all non-essentials, the facts in this case are that Osceola Fertilizer Company, a corporation, sued T. Sol Beville, defendant, in an action in ejectment. The declaration being in the statutory form describing the following lands: "All that part lying West of the county road of the north half (N½) of the south half (S½) of the northeast quarter (NE¼) of the northwest quarter (NW¼); all in section 11, township 49 south, range 42 east."

The defendant entered three pleas to the declaration as follows: (1) The general issue; (2) adverse possession, and (3) a plea on equitable grounds. A demurrer to the two last pleas was overruled, replications thereto were entered and a rejoinder as to the last plea was filed by the defendant. A motion to strike the rejoinder was denied, and on trial the jury returned a verdict for the defendant on the basis of which final judgment was entered.

The order of the court overruling plaintiff's demurrer to defendant's special or second and third additional pleas,

the order of the court denying plaintiff's motion to strike the rejoinder of defendant to plaintiff's replication, the refusal of the court to strike certain testimony of the witness L. G. Harper and the giving of certain charges to the jury by the court on his own motion, are assigned as error.

It seems to be well settled in this State that in ejectment evidence to prove adverse possession is admissible under the plea of not guilty. Wade v. Doyle, 17 Fla. 522; Weiscoph v. Dibble, 18 Fla. 24; Neal v. Spooner, 20 Fla. 38; Horne v. Carter, 20 Fla. 45; Coffee v. Groover, 20 Fla. 64. In the light of these decisions the demurrer of the plaintiff to the second plea of the defendant like a motion to strike the plea, might properly have been sustained, since defendant had a right to prove or submit proof on his claim of adverse possession under the plea of not guilty. But as the order of the court below overruling the demurrer to the second plea of the defendant did not in any respect change the status or impair the rights of either party to this litigation, the error, if any, was harmless.

Defendant's third additional plea to the declaration was a plea on equitable grounds as authorized by Section 2635, Revised General Statutes of Florida, 1920, and was to the effect that plaintiff in 1914, through its agent, pointed out and proposed to sell to defendant certain lands which did not include any of the lands in litigation in this suit, but which lay near and adjacent thereto; that defendant entered into an agreement with plaintiff to purchase said lands, but later finding he could not make payments for same, by mutual consent it was agreed that defendant might quit-claim to plaintiff the lands which he had agreed with plaintiff to so purchase; that defendant did in fact quit-claim to plaintiff the said lands which he had agreed to purchase from it, and after the quit-claim deed was executed defendant learned that by error in description both

16—Vol. 86.

the said deed and the agreement described the lands in controversy, but that it was the intention of plaintiff and defendant that said agreement and quit-claim deed describe certain lands adjacent to and not the lands involved in this litigation.

This plea also contained a prayer to reform the agreement and quit-claim deed which was improper, but otherwise under the rule as prescribed in Walls v. Endel, 20 Fla. 86, text 95, and cases therein cited, the plea was proper and the order of the court overruling the demurrer to it was correct.

In providing the defense on equitable grounds our statute is very liberal, and to give effect to it the courts should properly admit such evidence as would be permissible to establish the facts set out therein if they were alleged in a bill in equity and which would entitle defendant to relief against the judgment if obtained at law.

Under the common law rule no defenses were permissible in ejectment except those strictly legal in character. The plea of not guilty makes available all legal defenses. Petty v. Mays, 19 Fla. 652; Walls v. Endel, 20 Fla. 86; Johnson v. Drew, 34 Fla. 130, 15 South. Rep. 780. Section 2635, Revised General Statutes of Florida, 1920, had the effect of modifying the common law rule in ejectment, and in the opinion of this court fully authorized defendant's third additional plea, the defense offered thereby being purely equitable and would have been proper in an equity suit to reform the agreement and quit-claim deed referred to.

The fourth assignment of error is based on the refusal of the court to strike certain testimony of defendant's witness L. G. Harper. The testimony objected to was for the purpose of establishing adverse possession and to prove defendant's plea on equitable grounds, and was admissible. Defendant contends that it is not proper for this court

to review Harper's testimony for the reason that it does not appear from the record that motion for new trial was made and passed on by the lower court. A motion for new trial and a ruling thereon with exception duly taken are necessary to question the sufficiency of all the evidence to sustain the verdict, but any portion of the evidence of a material witness may be reviewed by the appellate court if such evidence was duly excepted to at the trial or hearing in the absence of a motion for new trial.    Gilbert v. State, 58 Fla. 50, 50 South. Rep. 535; Greenblatt v. J. R. Bissell Dry Goods Co., 85 Fla. 83, 95 South. Rep. 302; Florida Power Co. v. Cason, 79 Fla. 619, 84 South. Rep. 921; Thomas Bros. Co. v. Price & Watson, 56 Fla. 854, 48 South. Rep. 262; Manatee County State Bank v. Wade, 56 Fla. 492, 47 South. Rep. 927. See also Section 2811, Revised General Statutes, 1920.

The only other assignment of error to be considered here challenges certain charges of the court to the jury affecting the question of adverse possession.

The law seems to be of universal application that adverse possession of lands maintained for the time provided by statute vests the occupant with title against that claimed either by strangers or former owners thereto as completely as if there had been a conveyance by deed. The policy of the law is not to punish those who neglect to assert their rights, but to protect those who have continued in possession of lands for the time specified by statute under or without color of title. Horne v. Carter, 20 Fla. 45; Baugher v. Boley, 63 Fla. 75, 58 South. Rep. 980; Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; Kendrick v. Latham, 25 Fla. 819, 6 South. Rep. 871; Seymour & Simpson v. Creswell, 18 Fla. 29, text 35; Michigan Trust Co. v. Canada, 65 Fla. 54, 61 South. Rep. 123; Normant v. Eureka Co., 98 Ala. 181, 12 South. Rep. 454; Peabody v.

Hewett, 52 Me. 33, 83 Am. Dec. 486; Scottish American Mortg. Co. v. Butler, 99 Miss. 56, 54 South. Rep. 666; Myers v. McGavock, 39 Neb. 843, 58 N. W. Rep. 522; Baker v. Oakwood, 123 N. Y. 16, 25 N. E. Rep. 312; Barrett v. Brewer, 153 N. C. 547, 69 S. E. Rep. 614; Harn v. Smith, 79 Tex. 310, 15 S. W. Rep. 240; Hughes v. Graves, 39 Vt. 359; Arrington v. Liscom, 34 Cal. 365, 94 Am. Dec. 722; Nelson v. Brodhack, 44 Mo. 596.

Sections 2935 and 2936, Revised General Statutes of Florida, 1920, define the manner in which land may be acquired by adverse possession in this State, in the light of which and on the facts revealed by the record it does not appear that the resisted charges prejudiced in any way the rights of the plaintiff. The jury returned a verdict for the defendant upon supporting testimony, on the basis of which the court entered final judgment, which judgment was not disturbed, and is hereby affrmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.