## W. K. ENGLISH'S ADM'R v. WALTER MURRAY.

Whatever may be the correct rule, as to the admissibility of letters of administration to prove the fact of death, where the suit is brought by the administrator by virtue of the very letters, yet, in other cases, we are of opinion that letters of administration cannot be collaterally offered to establish the fact of the death of the supposed deceased, or, where the death is admitted, to prove the time of his death.

Error from Walker. The defence in this case was the statute of limitations. The operation of the statute had been suspended by the removal of the debtor, Wm. K. English, from the State, and it had recommenced on his death. It became important, therefore, to prove the time of his death; and, to establish the fact that he died in or before the year 1846, the defendant attempted to offer in evidence a transcript of a record from a Court in Tennessee, showing the issue of letters of administration on the estate of the said English in 1846. The evidence was refused, and this refusal has been assigned as error.

*Yoakum & Branch*, for plaintiff in error. The only question was, when did English die? Ayers offered a transcript of the proceedings upon his estate in Tennessee, to prove he was dead at least that early. The Court below refused it, we think erroneously. A death may be proved by secondary evidence.

*A. P. Wiley*, for defendant in error. If English did in fact die in the State of Tennessee in 1846, there was better proof of it than the proceedings of a certain Court there, to which the defendant in error was no party, and had no notice thereof, and could not therefore be bound as to any fact that might possibly have been inferred therefrom. But it was not

even secondary proof. In support of which the Court is referred to Williams on Executors, 1 vol. 374, so also in Phil. Ev. 1 vol. 344, where it is said that "letters of administration are not legitimate proof of a party's death;" and certainly a foreign grant of letters could not be admitted for that purpose. In this case the precise issue between the parties was as to the time of English's death, and the object of the plaintiff in error was to prove by the grant of letters of administration in Tennessee the time he died, when they would not have been legitimate proof of the main fact, the death itself.

HEMPHILL, CH. J. Letters of administration are conclusive that the person therein appointed administrator is such. (2 Phillips, p. 29.) But the decree granting letters is one which does not arise out of an adverse suit between parties, and in the language of the books there is no reason for allowing it any further effect than that of establishing the rights and liabilities incident to the estate and legal character of the grantee as administrator. Consequently the letters are not legitimate proof of the death of the person upon whose estate they are granted. (2 Phillips, p. 31.) It is said they are not *prima facie* evidence, even in favor of a person who sues as administrator of the deceased. (1 Wms. Ex'ors. p. 374; 1 Russell Chan. p. 307.) The direct contrary of this was held, however, in Newman v. Jenkins, 10 Pickering, 515. The Court was of opinion that the fact of the death must have been determined in the Probate Court before the grant, and the administrator could not be required to make proof of the fact, unless the defendant had filed a plea in abatement. Whatever may be the correct rule, where the suit is brought by an administrator as such, yet, in other cases, we are of opinion that letters of administration cannot be collaterally offered to establish the fact of the death of the supposed deceased, or, where the death is admitted, to prove the time of his death. They are not the best, and according to the authorities, they are not admissible evidence of the fact.

Judgment affirmed.