HARRY AND HENRY WEISKOPH, PLAINTIFFS IN ERROR, VS. ABBY J. DIBBLE, DEFENDANT IN ERROR.

1. In an action of ejectment by a widow seeking to recover dower assigned to her, the letters of administration are not evidence in her individual suit against a stranger to prove the death of the husband.

2. In actions of ejectment, special pleas of the statute of limitations should not be allowed and such pleas should be struck out by the court without motion.

3. Adverse possession may be shown under the plea of not guilty. (See Wade vs. Doyle, 17 Fla., 522, and authorities cited.)

Writ of Error to the Circuit Court for Duval county. The facts of the case are stated in the opinion.

*Cockrell & Walker* for Plaintiffs in Error.

*A. A. Knight* and *M. C. Jordan* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court.

Abby J. Dibble, defendant in error, brought an action of ejectment against plaintiffs in error to recover a portion of a city lot in Jacksonville and mesne profits, claiming title to the lot. Defendants in the suit pleaded not guilty, and that plaintiff was not the owner or entitled to the possession. They pleaded further that neither the plaintiff nor her ancestor, predecessor or grantor, was seized or possessed of the premises in question within seven years before the commencement of this action. They further pleaded that they and their predecessors and grantors entered into possession under claim of title exclusive of any other right, founding such claim upon a written instrument, to wit: a deed of conveyance by C. H. Dibble dated in 1856, and that they have been in continued occupation under said claim for

seven years and upwards before the commencement of this action, and that they have been so in possession and protecting the same by a substantial enclosure.

For further plea they say they and their grantors entered into possession, and have held possession adversely to the plaintiff more than seventeen years before the commencement of this action.

The plaintiff joined issue upon all the pleas. The suit was commenced in May, 1878.

Upon the trial, plaintiff introduced in evidence a deed executed in 1853 by I. D. Hart to Charles H. Dibble, including the lot in controversy ; a deed to Dibble by H. H. Hoeg, executed in 1856 ; letters of administration upon the estate of Charles H. Dibble, deceased, granted to John Coniff March 12, 1877 ; a copy of proceedings in the Circuit Court upon petition of the plaintiff, Abby J. Dibble, as the widow of Charles H. Dibble, claiming dower in the lot, whereby commissioners set off to plaintiff the land in question as her dower, and the report of said commissioners was confirmed by the Judge. Plaintiff also proved her marriage with Charles H. Dibble in September, 1853, and it was admitted in writing on the trial that defendants, Weiskophs, and their grantor, H. H. Hoeg, had occupied and possessed the premises in question since April 13, 1856, and defendants are now in possession, and that plaintiff, Abby J. Dibble, had not been in possession of the premises since that date.

The trial was had May 27, 1879, and a verdict rendered for plaintiff, upon which judgment was entered for the recovery of the lot and for damages and costs.

A motion for a new trial was made and denied, and the defendants bring error.

The Judge, among other things, charged the jury that " if the plaintiff has proved her husband's death, and the

letters of administration are *prima facie* evidence of that fact, it is incumbent upon the defendants to show under the plea of limitation that he died seven years prior to the commencement of this suit."

This was excepted to by defendants' counsel, and this charge is assigned as error.

The plaintiffs in error also assign for error that the court refused to charge the jury as requested by them, to which they excepted, and also that a new trial was refused on their motion.

The instructions tendered by the defendants and refused by the court refer to the question of adverse possession as a bar of the right to recover.

As the judgment must be reversed because of the error alleged in the portion of the charge excepted to, and because it is evident from the facts developed upon the motion for a new trial that the case, when tried again, will present other phases of the questions of dower and limitation, we shall abstain from entering into an examination of these questions upon the facts now before the court. The fact that the questions of adverse possession as a defense to the suit to recover dower, and of the time when the statute of limitations should begin to run against the plaintiff, have been but partially presented, and that a more full examination·of these questions is desired, is also a valid reason for postponing their consideration.

The portion of the charge excepted to, as before quoted, declares that in this suit " the letters of administration are *prima facie* evidence " of the death of the husband of the plaintiff.

Plaintiffs in error insist that this charge assumes that the letters of administration are *prima facie* evidence of the fact that plaintiff was the wife of Charles H. Dibble who was seized of the land during coverture, and that he is

dead. Other portions of the charge, however, are to the effect that they must find from the evidence that the plaintiff was the wife of Dibble, and that he was the owner during coverture. The material error is that the letters of administration constitute *prima facie* evidence of the death.

There is some, but not very great, conflict of authority upon this point. The dictum of Mr. Greenleaf (1 Ev., §550) is that, *in general*, the letters are evidence of the death. He cites Thompson vs. Donaldson, 3 Esp., 63, which was a suit on a policy of insurance, and Lord Kenyon held that the production of the letters of administration was not sufficient evidence of the death. In French vs. French, 1 Dick., 268, Lord Hardwicke, under special circumstances, admitted the probate of a will to be read as proof of the death of the testator. The law in England is held by the courts to be that the letters are not, *per se*, evidence of the death. In this country it is generally held that the letters may be received as evidence of the death of the testator or intestate, in cases where the executor or administrator is a party defendant and sometimes where he is the plaintiff.

It is said by defendant in error that the granting of letters is evidence of an adjudication by a court of competent jurisdiction that the person named therein is dead. As between parties represented before the Probate Court this is true, but there is another general rule of ancient date, and strengthened by its age, that no person is bound by a judgment to which he was not a party or privy. The proceeding on the probate of a will, or on application for letters of administration, is *ex parte* as to all except those directly interested in the estate, and having actual or constructive notice.

But it is not necessary to enter into a full discussion of the question. The Supreme Court of the United States has

settled the question to our satisfaction. Counsel for defendant in error says that the reasoning of that court in the Mutual Benefit Life Insurance Company vs. Tisdale, 1 Otto, 238, is "fallacious ;" but we think the deliberate, unanimous judgment of the highest court in the land is entitled to more respect from us. In that case, after a careful review of the question, and of the cases decided in this country and in England, and in giving numerous pointed illustrations of the rule, the court concluded its opinion as follows : " Enough has been said to demonstrate that neither upon principle nor authority was it proper, in the individual suit of Mrs. Tisdale against a stranger, to admit letters of administration upon the estate of her husband as evidence of his death." And see English vs. Murray, 13 Texas, 366.

In conclusion, we cannot forbear calling attention to the judgment of this court in Wade vs. Doyle, 17 Fla., 522, where it is held that under a plea of not guilty in ejectment, evidence to prove an adverse possession is admissible, and a special plea of the statute of limitations should not be allowed. Such a plea, when filed with the general issue, should be struck out on motion, or *sua sponte*, by the court, as tending to embarrass the trial.

The judgment in this case is reversed and a new trial granted.