W. H. GREGORY, Appellant, v. A. P. WOODWORTH.

**Demurrer:** ADJUDICATION. Code, 1873, section 2654, provides that on the decision of a demurrer, if the unsuccessful party fails to amend or plead over, the same consequences shall ensue as though a verdict had passed against plaintiff, or defendant had made default. *Held,* that where plaintiff failed to amend his petition, to which a demurrer had been sustained but appealed to the supreme court where the judgment was affirmed, such judgment constitutes a final adjudication which bars another action for the same cause.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

WEDNESDAY, JANUARY 18, 1899.

DEFENDANT's demurrer to plaintiff's petition and amendments was sustained, and, plaintiff electing to stand on his petition and amendments, judgment was rendered against him, from which he appeals.—*Affirmed.*

*P. W. Burr* and *J. S. Root* for appellant.

*Ellis & Ellis* for appellee.

GIVEN, J.—I.   This is the second appeal in this case,
See 93 Iowa, 246.  The action is to recover for personal inju-
ries sustained by plaintiff on the fourth day of June, 1892,
caused, as is alleged, by defendant's dog.   On his first peti-
tion the plaintiff alleged as shown in the opinion filed Jan-
uary 17, 1895, on the former appeal.  After the filing of said
opinion, the plaintiff, on the tenth day of July, 1895, filed
this petition, and thereafter two amendments thereto, in the
district court.  This petition states the cause of action sub-
stantially as in the first, with the additional allegations that
plaintiff was free from blame or negligence contributing to
his said injuries, and that he was free from any negligence in
prosecuting his suit on his first petition.  In the first amend-
ment he alleges that the injuries complained of were caused
solely by the acts of defendant's dog; that he relied upon his
attorney in drawing his first petition; that the failure to
allege the freedom from fault on plaintiff's part was not
done unthinkingly or negligently, but after due consideration,
and in the belief that the statute imposed an absolute liabil-
ity, except when the party injured was doing an unlawful
act.  A copy of the demurrer to the first petition is set out, the
grounds for which are that the petition does not show that
the injury was done by defendant's dog, nor that the plaintiff
was without fault or negligence, nor that other causes than the
acts of the dog did not contribute to the injury; also, that it
does not show that the dog was at the time, worrying, maim-
ing, or killing any domestic animal, attacking any person, or
that the dog was vicious, or that defendant had any knowl-
edge or reason to expect that the dog would do as alleged.
In his second amendment the plaintiff alleges that said
demurrer to the first petition was sustained by the district
court on all grounds, that plaintiff elected to stand on his
petition, and that this court affirmed on the ground that it
was not alleged that plaintiff was without fault or negligence
contributing to this injury, and that he relied upon the opin-
ion and judgment of his attorney as to the sufficiency of said

petition. Plaintiff avers that, by reason of the facts in this petition and amendment alleged, "he has been without fault or negligence in the prosecution of this action." Following this, the opinion rendered on the former appeal is set out at length. The grounds of demurrer to this petition and amendments may be summed up as follows: That the petition shows the cause of action is barred, and that this is not a continuation of the first action, plaintiff having failed therein by reason of his own negligence; that the petition shows an adjudication on the cause of action; that the petition does not show that the injury was done by defendant's dog, or that the dog was in the act of worrying, maiming, or killing any domestic animal, or attempting to bite any person, or that the dog was vicious, or known to defendant to be vicious. This demurrer was sustained generally by the district court on the fifteenth day of May, 1897; and, plaintiff electing to stand on his petition, judgment was rendered against him as provided in section 2654, Code 1873.

II.    In presenting his first petition the plaintiff said, in effect, "Here is my cause of action, and it is upon these allegations, and these alone, that I claim the right to recover." By his demurrer to that petition the defendant said, in effect, that "Admitting all these allegations to be true, they do not entitle the plaintiff to recover." The court, assuming, for the purposes of the demurrer, that the allegations of the petition were true, held that they did not entitle the plaintiff to recover, or, in other words, did not show a cause of action. The truth of the allegations being thus admitted, the case stood upon its merits, the same as if, on a trial, each allegation had been proven, and the ruling on the demurrer was an adjudication on the merits of the case. Plaintiff might then have amended his petition, and presented additional allegations, but this he declined to do, and stood upon his petition; and judgment was rendered against him under said section 2654 of the Code of 1873, which provides as follows: "Upon a decision of demurrer if the unsuccessful party fails to

amend or plead over, the same consequences shall ensue as though a verdict had passed against the plaintiff, or the defendant had made default, as the case may be." This judgment was affirmed on appeal to this court, and it is the opinion of the majority that the petition shows a final adjudication, and for that reason the demurrer to this petition was properly sustained.—AFFIRMED.

GIVEN, J. (dissenting).—I do not concur in the conclusion of the majority. Surely there is no final adjudication against a party, so long as he has a right to be further heard in his case. I am of the opinion that plaintiff's present petition shows that he has the right to be further heard. Section 2537 of the Code of 1873 is as follows: "If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." There is no question but that the wrongs and injuries alleged in this petition are the same as those alleged in the first, and that plaintiff failed on the first because he omitted to allege therein that he was free from contributory negligence. I do not think this was negligence in the prosecution of the action on that petition. Plaintiff had a right to rely upon the judgment of his attorney as to what should be alleged, and in the management of the case throughout, as it is alleged he did. Therefore, he was not negligent in the prosecution of his action. Plaintiff's attorney, believing, as is alleged, that the law did not require an allegation of care on plaintiff's part, was not negligent in omitting such an allegation. It was his duty not to commit his client to the proof of such an allegation, if he believed it was not required. It was, to say the least, a debatable question; and plaintiff's counsel had the right to have the decision of the lower court thereon reviewed by this court, and this he could only accomplish by standing on the petition. Plaintiff was not bound to accept the decision of the lower court as

conclusive, and to amend or go out of court. He had a right to have the decision reviewed in this court. . Surely it cannot be said, under the allegations of this petition, that plaintiff failed on his first petition because of negligence in its prosecution. He failed because the courts took a different view of a debatable question of law from that of his counsel. I am clearly of the opinion that this petition shows the present to be a continuation of the former action, and, therefore, not barred. Plaintiff had a right to appeal from the ruling on the demurrer to the first petition, and he did so. Therefore, the judgment of the district court did not become a final adjudication, because the plaintiff had a right to be further heard. The affirmance of that judgment did not become a final adjudication, for the reason that, under the facts alleged in this petition, plaintiff has a right to prosecute this action thereon as a continuation of the first. If it be true, as I think it is, that plaintiff did not fail on his first petition because of negligence in its prosecution, it is certainly true that this is a continuation of the former action, and, therefore, it is not barred by lapse of time, or prior final adjudication. I think we should *reverse*.