HEARD v. EWAN.

Opinion delivered January 14, 1905.

73 513
76 387
73 513
f79 480

1. APPEAL—REMAND—ISSUES TRIABLE.—Where a cause was reversed for error in giving a particular instruction, and remanded generally for a new trial, the vice of the error destroyed the force of the jury trial, and the cause stood in the attitude it occupied prior to going into the trial. (Page 514.)

2. SAME—CONCLUSIVENESS OF JUDGMENT.—The holding of the court on a former appeal that the bill of sale in this case was not enforcible against plaintiff was binding upon the trial court. (Page 514.)

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

*Parker & Parker* and *N. W. Norton,* for appellant.

Mandates of the Supreme Court are to be construed in the light of their surroundings. 13 Ark. 253; 16 Wall. 468; 94 U. S. 498; 13 Pet. 359. The finding of guilt or liability will not be disturbed when the only error has been one affecting the degree of punishment or the measure of damages. 57 Ark. 349; 65 Ark. 619. When the amount due on a mortgage is tendered and refused, the mortgage is no longer enforcible. 1 Jones, Mort. §§ 886-903.

*Thomas & Lee* and *J. C. & D. K. Hawthorne,* for appellees.

A reversal of a case for either erroneous instructions or want of evidence does not limit the inquiries upon a future trial to the measure of damages alone, or preclude the introduction of other evidence. 44 Ark. 524; 50 Ark. 157; 44 Ark. 293; 53 Ark. 456; 55 Ark. 163; 60 Ark. 325.

HILL, C. J. The case was here on a former appeal, and is reported as *Summers* v. *Heard,* 66 Ark. 550. The judgment in that case was in favor of the appellant in this case, and was

S C 17

reversed on account of error in the instruction on the measure of damage. On the remand of the case the defendants in that suit, appellees here, amended their answer, setting up fraud in the purchase of the partnership interest and other matters. The facts are fully set forth in the former decision, and need not be repeated. Suffice it to say that the issue was whether Heard's purchase of the partnership interest was fraudulent or in good faith.

1. The first question submitted is that on the remand of the case to the circuit court all issues as to the liability had been concluded by the former appeal wherein the judgment was only reversed for the error in the instruction on measure of damage. In *Nelson* v. *Hubbard*, 13 Ark. 253, the authority chiefly relied upon by appellant, Chief Justice Watkins said for the court: "When a judgment is reversed for error in the proceedings of the court below, and remanded to be proceeded according to law, and not inconsistent with the opinion of this court, it is always understood that the proceedings in the court below, prior to the fault or error which is ascertained by this court to exist, are in no wise reversed or vacated by the adjudication of the appellate court; but the fault or error adjudicated is the point from which the cause is to progress anew." The error was in the trial by jury. The jury cannot be recalled, and the corrected instruction given. The vice of the error destroyed the force of the jury trial, and the point to progress from anew is necessarily the trial itself, and not any given point in the trial. Therefore the case stands when remanded in the attitude it was in just prior to going into the trial. 13 Enc. Pl. & Pr. pp. 855, 858.

2. The party (Jenkins) from whom appellant bought the partnership interest had given a bill of sale of the drug store to a firm of lawyers to secure certain debts due the clients of these lawyers. On the former appeal that bill of sale was treated as a lien upon the property, to the extent of the sums secured. It was further held that the bill of sale did not affect the right of appellant in this case, appellee in that, to recover. What was said of it in that case is equally applicable under the facts in this case. Notwithstanding this, the court, in instruction No. 1 given at the instance of appellee, told the jury that if appellant Heard knew of Jenkins's insolvency, and knew of the claims against the property secured by the bill of sale, he could not acquire title to the property until all the claims secured by the bill of sale were paid.

Appellees insist that this is correct, especially when taken in connection with instructions 7 and 8 given by the court, but the contention cannot be sustained. These three instructions will be set out by the Reporter.* The seventh was as to a waiver of the bill of sale by appellees, and presented an issue of fact on that question. The eighth was upon the subject of what would be a discharge of the bill of sale by payment and tender, thereby making an issue of fact on that question. These instructions but accentuate the error in treating the bill of sale as anything except a bit of evidence admissible merely for the purpose of fully developing the situation of all the parties at the time of the alleged fraudulent purchase.

For the error indicated the cause is reversed, and remanded for a new trial.

---

*Instruction No. 1, given by the court at the instance of appellees, and instructions Nos. 7 and 8, given by the court, were as follows:

"1. The jury are instructed that if they find from the evidence that the plaintiff, Heard, undertook to purchase a stock of drugs, or interest therein, from O. F. Jenkins, and further find that the said O. F. Jenkins was at the time insolvent, and that Heard knew of his insolvency, and knew that the defendants held claims against the stock of drugs which were secured by a bill of sale upon the same, and were in possession thereof, then the plaintiff, Heard, could not acquire title thereto, superior to the defendants, until all the claims secured by the bill of sale were paid.

"7. One who holds a security may waive or abandon it; and if you find that Ewan, Manning & Lee, holding the bill of sale for the drug store as security, knew of the sale of the store by Jenkins to Heard, and received a part of the purchase money, they will be held to have waived all rights under the bill of sale.

"8. You are directed to disregard all evidence tending to show that Heard undertook to pay debts of Jenkins, other than those mentioned in the list aggregating $295.12, and on paying this sum Heard would be entitled to take up the bill of sale. In offering to pay the $295.12, the law would not require Heard to exhibit the money, if Lee refused to receive it and surrender the bill of sale only on condition that Heard should pay other debts, not part of the $295.12."—(Rep.)