Daniel L. McKinnon, *Plaintiff in Error*, v. Seth Johnson, as Administrator, etc., *et al.*, *Defendants in Error*.

1.  All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration.

2.  In an action of ejectment all matters of legal defence (except-

McKinnon v. Johnson—Syllabus.

ing special denials of possession and denials of adverse claim under the statute) may be given in evidence under the plea of not guilty. Special pleas of matter affecting the legal title or in estoppel should be struck out.

3. Where a demurrer is interposed to a plea, when a motion to strike out would have been the proper method of attack, but such plea is so faulty that the court would have been justified in striking it out of its own motion, the sustaining of the demurrer will be considered harmless error.

4. In an action of ejectment the striking out of a plea setting up matters admissible in evidence under the general issue or the sustaining of a demurrer to such plea will not preclude proof at the trial under the general issue of such matters attempted to be so pleaded.

5 General objections to evidence proposed, without stating the precise grounds of objections, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances.

6. A party who objects to the competency of a witness or to proffered evidence should state specifically the grounds of his objection, in order to apprise the court and his adversary of the precise objection he intends to make.

7. An appellate court will take judicial notice of its own opinions, and although the judgment and the mandate entered and issued express the decision of the court, yet upon a second appeal or writ of error in the same case the court may properly examine the opinion in order to determine what matters were considered, upon what grounds the judgment was entered, and what has become settled for future disposition of the case.

8. In an action of ejectment where the defendant relies upon adverse possession for the requisite statutory period under a void sheriff's deed as color of title, and he offers in evidence a petition filed by the plaintiffs in the same court for a "writ and order of restitution commanding" the defendants thereto, of whom the defendant in ejectment was one, "to restore and return to the possession" of the plaintiffs the lands in controversy, the answer of such defendant thereto, the plaintiffs' de-

murrer to such answer and the judgment of the court overruling the demurrer, allowing the plaintiffs time in which to file a replication to the answer, in default whereof such petition "shall stand dismissed out of the court without any further order of dismissal," it is error to exclude such proffered documentary evidence on the grounds of objection of irrelevancy and immateriality. Even if admissible for no other purpose, such evidence was admissible as an admission on the part of plaintiffs that the defendant was in the possession of the lands at the time of the filing of such petition.

9.   In order to sustain a defence of *res judicata* there must have been a final judgment or decree rendered in the former action or suit. Where the judgment offered in evidence is a judgment overruling a demurrer, with leave to the plaintiffs against whom such judgment was rendered to file a replication by a day certain, in default of which their petition "shall stand dismissed out of the court without any further order of dismissal," and it is not made to appear that the conditions of such judgment were ever complied with, it must be held to be not a final but a conditional judgment.

10.   An issue determined by the appellate court cannot be relitigated in the lower court on a new trial. But an issue left undetermined by the appellate court is open for a new trial. An adjudication by an appellate court upon a writ of error in an action of ejectment that the defendant's paper title fell, without passing upon any title which defendant might have acquired by adverse possession for the requisite statutory period, does not preclude the defendant from establishing such adverse possession upon a new trial, provided he is able to do so by competent evidence.

11.   A charge directing a verdict for the plaintiffs should never be given unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the defendant. If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them and passed upon by the judge as a question of law.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon, in pro per.*

*Liddon & Carter,* for Defendants in Error.

Shackleford, J—This case comes here for the second time on writ of error. For the former opinion see Johnson v. McKinnon, 54 Fla. 221, 45 South. Rep. 23, S. C. 13 L. R. A. (N. S.) 874, wherein will be found a statement of the facts in which is given a resume of former litigation out of which this action of ejectment arose. Also see McKinnon v. Johnson, 54 Fla. 538, 45 South. Rep. 451, which was the second time the appeal in the equity suit came before this court. The first opinion rendered therein will be found reported as Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272.

We start out with the proposition that all the points adjudicated upon the former writ of error have become the law of this case, and are no longer open for discussion or consideration. Wilson v. Friedenberg, 21 Fla. 386; Doyle v. Wade, 23 Fla. 90, 1 South. Rep. 516, S. C. 11 Amer. St. Rep. 334; Hart v. Stribling, 25 Fla. 435, text 445, 6 South. Rep. 455, text 456; State v. White, 40 Fla. 297, text 318, 24 South. Rep. 160, text 167; Anderson v. Northrop, 44 Fla. 472, 33 South. Rep. 419; Louisville & Nashville R. R. Co. v. Jones, 50 Fla. 225, 39 South. Rep. 485; Hoodless v. Jernigan, 51 Fla. 211, 41 South. Rep. 194; Jacksonville Electric Co. v. Bowden,

54 Fla. 461, 45 South. Rep. 755, S. C. 15 L. R. A. (N. S.) 451; Valdosta Mercantile Co. v. White, 56 Fla. 47 South. Rep. 961.

The declaration in this case is in the usual form. The defendant filed a disclaimer as to a portion of the lands, a plea of not guilty as to the residue, and also a special plea in which he attempted to set up some former adjudication as being in the nature of *res judicata*. It would seem that a demurrer was interposed to this special plea, which was sustained, although the transcript is not clear upon this point. However, it is a mater of no moment, even though error is attempted to be predicated upon such alleged ruling, for the reason that the defendant, by leave of court. filed an amended plea in which he more fuly set out the matters relied upon in his first special plea. A demurrer was also interposed and sustained to this amended special plea, which ruling also forms the basis for an assignment of error. We do not copy such plea, the demurrer thereto or the ruling thereon, for the reason that this assignment must fall, whether the matters undertaken to be set up in such plea were well pleaded or not. This court in Coffee v. Groover, 20 Fla. 64, expressly held that "in ejectment all matters of legal defence (excepting special denials of possession and denials of adverse claim under the statute) may be given in evidence under the plea of not guilty. Special pleas of matters affecting the legal title or in estoppel should be struck out. A judgment sustaining a demurrer to such pleas will not preclude proof at the trial of the facts pleaded." This holding was approved and followed in Hagan v. Ellis, 39 Fla. 463, text 472, 22 South. Rep. 727, text 729, S. C. 63 Amer. St. Rep. 167. It may well be, notwithstanding the intimation in Coffee v. Groover, *supra*, that such pleas could be reached by demurrer, the proper method of attack would be by motion to strike out. See

Wade v. Doyle, 17 Fla. 522, text 531; Weiskoph v. Dibble, 18 Fla. 24, text 28; Neal v. Spooner, 20 Fla. 38; Horne v. Carter's Admrs., 20 Fla. 45; Barco v. Fennell, 24 Fla. 378, 5 South. Rep. 9; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209; Parkhurst v. Stone, 36 Fla. 456, text 462, 18 South. Rep. 594, text 595; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792; Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342; Atlantic Coast Line R. Co. v. Benedict Pineapple Co., 52 Fla. 165, text 177, 42 South. Rep. 529, text 533; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, text 428, 43 South Rep. 318, text 326. From an examination of these as well as other decisions referred to therein, it would seem clear that this court is now committed to the doctrine that a special plea tendering an issue covered by the plea of not guilty is not for that reason demurrable, but that the proper method of attacking such a plea is by motion. It may well be that the plea in question was also open to attack by proper and sufficient grounds of demurrer for the reason that it was not sufficiently comprehensive or broad in its scope to constitute a full reply to the allegations of the declaration. See Atlantic Coast Line R. Co. v. Crosby, *supra*. Be that as it may, we are clear from an examination of the plea in question that the court would have been justified in striking it out of its own motion, therefore no reversible error was committed in sustaining the demurrer thereto. Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241; O'Brien v. State, 55 Fla. 146, 47 South Rep. 11; Poppel v. Culpepper, 56 Fla. 515, 47 South. Rep. 351; Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992.

During the trial the defendant produced and offered in evidence the petition of plaintiffs for restitution against A. D. and D. L. McKinnon, the answer thereto of D. L. McKinnon, who is the defendant in the in-

stant case, the demurrer interposed thereto and the ruling or judgment of the court upon such demurrer; to the introduction of which the plaintiffs objected "on the grounds that it was irrelevent and immaterial." The court sustained the objection, to which ruling the defendant excepted and this forms the basis for another assignment. We see no useful purpose to be acomplished by setting out herein this proffered and rejected documentary evidence. Suffice it to say, as appears from the opinion rendered on the former writ of error, Johnson v. McKinnon, 54 Fla. 221, 45 South. Rep. 23, S. C. 13 L. R. A. (N. S.) 874, that "it was admitted in the evidence at the trial that D. L. McKinnon, defendant herein, was counsel for A. D. McKinnon in obtaining the decrees admitted in evidence herein under which this sale was made, that D. L. McKinnon had full knowledge of the proceedings in said cause, and conducted the same, had sale of the land in controversy made as counsel for A. D. McKinnon, and bought the lands involved herein, at the execution sale under said decrees, and received sheriff's deed, which was admitted in evidence herein; that this cause, wherein the decrees were rendered, was appealed to the Supreme Court, without super-sedeas, and the decree of December 17, 1897, was reversed; that before the reversal of said decree, D. L. McKinnon bought the lands herein at the execution sale and received the sheriff's deed." The reasons for the reversal of the decree in question are set forth in Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272, and the subsequent history of that litigation will be found in McKinnon v. Johnson, 54 Fla. 538, 45 South. Rep. 451. We held upon the former writ of error that "the law imputes to an attorney knowledge of defects in legal proceedings for the sale of property taken under his direction, and the title of such attorney to land purchased by him at a judi-

cial sale decreed in proceedings in which he acted as an attorney falls with the reversal of the decree directing the sale." As we have already seen, that becomes the law of this case.

We find upon an examination of the proffered and rejected documentary evidence that it appears therefrom, after the reversal of the decree appealed from by this court in Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272, and after the mandate had issued therein, but prior to the institution of this action of ejectment, the plaintiffs filed in the Circuit Court for Jackson County their petition against A. D. McKinnon and D. L. McKinnon, the defendant herein, wherein they sought "a writ and order of restitution commanding" the defendants thereto "to restore and return to the possession" of the plaintiffs "the real estate which has been sold in this case," such real estate being particularly described therein. To this petition the defendant, D. L. McKinnon, filed an answer, which, omitting the formal parts, is as follows:

"This respondent says that he was simply the agent and attorney of the said A. D. McKinnon in said suit and had no other connection or privity with him. That the lands purporting to be purchased by him were but payments to him by said A. D. McKinnon on his fees for services in said suit by agreement instead of paying the money to him and the amount of the purchase or consideration was inserted on the execution.

D. L. McKinnon, In pro per."

To this answer the plaintiffs interposed a demurrer upon the ground that the "answer states no matter of defense to the petition for restitution or any reason why restitution should not be made." The court made the following order thereon:

"This cause coming on to be heard upon the demurrer to the answer of D. L. McKinnon to the rule and petition, after hearing the argument of the respective parties and the court being advised of its opinion, it is hereby ordered and adjudged that the demurrer be and the same is hereby overruled. It is hereby further ordered and adjudged that the petitioners have till Rule day in August, 1904, within which to file a replication to said answer and that in failure to do so within said time that the rule and petition as to said D. L. McKinnon shall stand dismissed out of the court without any further order or dismissal.

Done at Marianna, Florida, on this 12th day of July, 1904." As we have already seen, the sole grounds of objection urged against the admission of this documentary evidence were irrelevancy and immateriality. We have repeatedly held that general objections to evidence proposed, without stating the precise grounds of objection, are vague and nugatory, and are without weight before an appellate court, unless the evidence objected to is palpably prejudicial, improper, and inadmissible for any purpose or under any circumstances. Putnal v. State, 56 Fla. 86, 47 South. Rep. 864, and authorities there cited. See especially Hoodless v. Jernigan, 46 Fla. 213, text 217, 35 South. Rep. 656, text 658, citing and quoting with approval the following language used in Carter v. Bennett, 4 Fla. 283, text 388: "A party who objects to evidence or the competency of witnesses should state specifically the grounds of his objections. It is not sufficient to object generally that the evidence is illegal, or the witness is incompetent; but the party objecting must put his finger upon the very point to apprise the court and his adversary of the precise objection he intends to make." Was this proffered documentary evidence "palpably prejudicial, improper and inadmis-

sible for any purpose or under any circumstances," so that the general grounds of objection of irrelevancy and immaterality were sufficient to warrant the trial court in excluding it? See Kirby v. State, 44 Fla. 81, 32 South. Rep. 836, and Williams v. State,53 Fla. 89, 43 South. Rep. 428. This is the question we are called upon to answer. Before doing so, however, it is advisable for us to determine whether or not this point either expressly or by necessary implication was adjudicated upon the former writ of error. If so, it has become the law of this case and is no longer open for discussion or consideration. As was said by Mr. Justice Brewer in Thompson v. Maxwell Land Grant & Ry. Co., 168 U. S. 451, text 456, 18 Sup. Ct. Rep. 121, "We take judicial notice of our own opinions, and although the judgment and the mandate express the decision of the court, yet we may properly examine the opinion in order to determine what matters were considered, upon what grounds the judgment was entered, and what has become settled for future disposition of the case." Following his example, "we therefore turn to the former opinion and the mandate to see what was presented and decided."

We find that it was held therein that the deficiency decree, upon which execution issued and under which the defendant bought the lands in controversy, was absolutely void, and further, as we have already seen, that the title of an "attorney to land purchased by him at a judicial sale decreed in proceedings in which he acted as an attorney falls with the reversal of the decree directing the sale." We further find the assignment of error upon which the reversal was planted was the failure or refusal of the trial court "to give an appropriate instruction, submitting this connection to the jury," the opinion closing with the expression, "we conclude, therefore, that the court erred in refusing to so instruct

at the request of the plaintiff.    For the errors found the judgment is reversed." The opinion does not set forth the requested and refused instruction, but it sufficiently appears therein that this court held that the jury should have been instructed upon and in accordance with the principles just enunciated as having been taken from the former opinion.    It nowhere appears in the opinion that this point of evidence was raised upon the former writ of error, presented to or passed upon by this court.    So far as we are advised, no such evidence was adduced at the former trial in the court below.    We reach the conclusion, then, that this point has never been adjudicated by this court so as to become the law of the case.    "An issue determined by the appellate court cannot be relitigated in the lower court on a new trial.  But an issue left undetermined by the appellate court is open for a new trial."    13 Ency. of Pl. & Pr., 856, and authorities cited in notes.    As was held in St. Louis, I. M. & S. Ry. Co. v. Cleere, 76 Ark. 377, 88 S. W. Rep. 995, "where on appeal, the evidence is found sufficient to support the verdict, but the cause is reversed because of erroneous instructions, the finding as to the sufficiency of the evidence is not conclusive on the next appeal after a retrial."    Also see Heard v. Ewan, 73 Ark. 513, 85 S. W. Rep. 240; Blach v. Haas, 73 Fed. Rep. 974, 20 C. C. A. 151, 36 U. S. App. 693, will be found to be a well reasoned and instructive case.    It was held therein that "On a second writ of error an appellate court is bound by its prior decision only upon points distinctly made and determined, and not upon points which might have been, but were not, raised," also that "the rule that an appellate tribunal is bound by its decision on a former appeal in the same case is not applicable where the point decided was dependent on the evidence, and on the second trial the evidence is different in a material respect."

We must now determine whether or not the trial court erred in excluding the proffered evidence upon the grounds urged against it. At the time it was offered, it had developed in the trial that the defendant, who took the stand as a witness in his own behalf, had admitted that the decree and proceedings under which he had purchased the lands had been pronounced by this court null and void and that he relied upon the sheriff's deed only as color of title. He sought to establish by his own testimony as well as that of other witnesses adverse possession under such deed as color of title for the requisite statutory period. See Kendrick v. Latham, 25 Fla. 819, 6 South. Rep. 871. Even if the proposed documentary evidence was admissible for no other purpose, was it not admissible as an admission on the part of the plaintiffs that the defendant was in the possession of the lands at the time the petition was filed by them "for a writ and order of restitution in the case" commanding A. D. McKinnon and the defendant "to restore and return to the possession" of petitioner? We think so. As this necessarily must cause a reversal of the judgment, we might stop here, but we think it may be well to consider briefly some of the other contentions made before us by the respective parties. It is strenuously urged by the defendant that the judgment upon the demurrer to his answer to the petition is *res adjudicata* and constitutes a bar to this action of ejectment. Is this contention tenable? "In order to support the plea of *res judicata* there must have been a final judgment or decree rendered in the former action or suit." 24 Amer. & Eng. Ency. of Law (2nd ed.) 793, and authorities cited in note 6, especially Marvin v. Hampton, 18 Fla. 131. Can we say that this ruling on the demurrer constituted a final judgment? It does not appear whether a replication was ever filed to the petition

or not or that any subsequent proceedings of any kind were ever had.    It would seem that, at best, it must be held to be merely a conditional judgment.    See Dallam v. Sanchez, 56 Fla. 779, 47 South. Rep. 871, and authorities there cited.    We are not overlooking the fact that the order itself says that, on failure to file a replication, the rule and petition as to this defendant "shall stand dismissed out of the court without any further order or dismissal," but, even so, that would not seem to dispense with the necessity of showing a compliance with the conditions of the order.    See, as bearing upon this question, Gregory v. Woodworth, 107 Iowa 151, 77 N. W. Rep. 837; Folsom v. Howell, 94 Ga. 112, 21 S. E. Rep. 136; State v. Jenkins, 70 Md. 472, 17 Atl. Rep. 392; Scherff v. Missouri Pacific Ry. Co., 81 Tex. 471, 17 S. W. Rep. 39.    Even if we could pass this difficulty, it may well be doubtful as to whether or not such a ruling could be held to be a judgment on the merits, but it is not necessary to discuss that question.    As to the principles constituting *res judicata,* see Thornton v. Campbell, 6 Fla. 546; Yulee v. Canova, 11 Fla. 9; Gould v. Evansville & C. R. R. Co., 91 U. S. 526; Cromwell v. County of Sac, 94 U. S. 351; Bissell v. Spring Valley Township, 124 U. S. 225, 8 Sup. Ct. Rep. 495.

As we have already seen, the defendant relied upon adverse possession under a void sheriff's deed as color of title.    If this deed and the proceedings upon which it was based were void, as we held upon the former writ of error, then they must necessarily have all been void *ab initio* and the plaintiffs must be charged with knowledge of this fact as well as the defendant.    In the former opinion it appeared that the appeal in the equity suit was taken to this court without a super-sedeas.    See Gould v. Carr, 33 Fla. 523, 15 South Rep. 259, S. C. 24 L. R. A. 130.    This being true, it must be held that the defendant

was holding such lands adversely from the time he entered into the possession thereof, whenever that was. Upon the former writ of error, we simply held that the defendant's *paper* title fell, but did not pass upon any title that he might have acquired by adverse possession for the requisite statutory period, nor do we now express any opinion as to the evidence upon that point. It would not be proper for us to do so, as that is a matter primarily for the jury to pass on. As there was evidence adduced at least tending to establish such adverse possession by the defendant, it was error for the court to withdraw the case from the consideration of the jury and direct a verdict for the plaintiffs. See German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740, and authorities there cited.

For the errors found the judgment is reversed, and the cause is remanded.

All concur except PARKHILL, J., absent on account of illness.