THOMAS J. BROWN, *Plaintiff in Error*, v. ALBERT G. BOWIE, *Defendant in Error.*

1.  The findings of a referee upon questions of fact, where the witnesses are examined before him, are entitled to the same weight as the verdict of a jury. In neither the one case nor the other would an appellate court be warranted in disturbing such findings or verdict or in reversing the judgment because the evidence adduced is conflicting.

2.  Where the only grounds of objection interposed to proffered evidence were that the "same was immaterial, irrelevant and not pertinent to any issue made in the pleading," such grounds of objection are properly overruled, unless the evidence so objected to is palpably prejudicial, improper, and inadmissible for any purpose.

3.  An appellate court will consider only such grounds of objection to the admissibility of evidence as were made in the court below, the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court.

This case was decided by Division A.

Writ of Error to the circuit court for Duval county.

The facts in the case are stated in the opinion of the court.

*J. E. Hartridge,* for Plaintiff in Error:

*Fletcher & Dodge,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error brought an action of assumpsit against the plaintiff in error, which was referred for trial and disposition to Hon. W. B. Young, by whom a judgment was rendered in favor of the plaintiff in the court below for the sum of $2635.18, damages, and $33.80, costs, which judgment the defendant

seeks to have reviewed here by writ of error. No point
is made on the pleadings. It seems sufficient to state that
both the plaintiff and defendant were competitive bidders
for the erection of a certain warehouse, dock, foundation
and structure and had entered into an agreement with
each other that whichever one of the two should be
awarded the contract for such work he would award to
the other certain specified portions thereof to perform,
which agreement was reduced to writing and is admitted
by both parties in their briefs to be as follows:

"AGREEMENT entered into this day between A. G.
Bowie, party of the first part and T. J. Brown party of
the second part, Witnesseth:

That A. G. Bowie agrees to award to T. J. Brown the
foundation and dock at the figures submitted to him by
T. J. Brown should the contract be awarded to said A.
G. Bowie.

And T. J. Brown agrees to award to A. G. Bowie the
entire contract for structure other than the foundation
and dock at the figures referred to above should the
contract be awarded to T. J. Brown.

T. J. Brown agrees to furnish and drive according to
specifications 592 piles at $4.00 per pile, and the labor on
the docks over piles including laying of floor at $7.00
per 1,000.

'Agreement as specified above between A. G. Bowie and
T. J. Brown for building Merchants Ware dock and
buildings.

J. S. Easterby.                    A. G. Bowie.
E. W. Bingham.                  T. J. Brown.' "

The defendant was the successful bidder and was
awarded the contract for such work. After the work was
completed, a dispute arose between the two parties to
such agreement as to the proper basis of settlement,

hence this litigation. The declaration contains five counts, the first of which alleges the facts upon which the action is based and the others are common counts. The defendant filed six pleas, which we do not deem it necessary to specify, upon which issue was joined and trial had. Six errors are assigned, the third of which is expressly abandoned. We shall not attempt to discuss the other assignments separately or in detail, but shall confine ourselves to what we conceive to be the vital points presented, which are decisive of this writ of error.

We start out with the settled proposition of law that the findings of a referee upon questions of fact where the witnesses are examined before him, as was done in this case, are entitled to the same weight as the verdict of a jury. In neither the one case nor the other would we be warranted in disturbing such findings or verdict or in reversing the judgment because the evidence adduced is conflicting. See Atlantic Coast Line R. R. Co. v. Partridge, decided here at the present term, and Camp v. First National Bank of Ocala, 44 Fla. 497, 33 South. Rep. 241, S. C. 103 Amer. St. Rep. 173, wherein other decisions of this court will be found cited.

It is earnestly contended by the defendant that the referee erred in admitting in evidence a letter signed by the defendant and addressed to the plaintiff, dated the 6th day of May, 1908, which letter is as follows:

"Jacksonville, Fla., May 6th, 1908.
Dear Sir: Will furnish, drive and saw off piling in the Durkee dock for $4.00 per pile.

Will work and place all lumber consisting of caps, joists and flooring for $7.00 per 1000 feet B. M. you to furnish all the lumber, bolts and spikes.

This does not embrace brace piles and X frame braces.
                    Yours, &c.
                         T. J. Brown."

We find that the only grounds of objection interposed to the introduction of this letter were "that same was immaterial, irrelevant and not pertinent to any issue made in the pleading." It is settled law in this court by a line of decisions that general objections to evidence proposed, without stating the precise grounds of objection, are vague and nugatory, and without weight before an appellate court, unless the evidence so objected to is palpably prejudicial, improper, and inadmissable for any purpose or under any circumstances. See McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and authorities there cited, and Atlantic Coast Line R. R. Co. v. Partridge, decided here at the present term. It is equally well settled that an appelate court will consider only such grounds of objection to the admissability of evidence as were made in the court below, the plaintiff in error being confined to the specific grounds of objection made by him in the trial court, and only such of the grounds so made below as are argued will be considered by an appellate court. Cross v. Aby, 55 Fla. 311, 45 South. Rep. 820, and authorities there cited. As we have several times held, a party who objects either to the competency of a witness or to proffered evidence should state specifically the grounds of the objection, in order to apprise the court and his adversary of the precise objection he intends to make. McKinnon v. Johnson, *supra*. The bill of exceptions discloses that while the plaintiff was being examined in chief in his own behalf and had identified and introduced in evidence the written agreement which we have copied above, the following proceedings took place:

"Q. You refer to certain prices or figures submitted by Mr. Brown and the contract mentions the figures sub-

mitted to you by T. J. Brown; was that submission of prices made in writing?

A. It was.

Q. Examine this statement (paper handed to witness) and state whether or not that is the submission by Mr. Brown of the figures referred to in the contract mentioned?

A. This is the letter giving me the prices that he gave me, the figures submitted by him to me, and made the basis of the contract."

Thereupon the letter in question was offered. We have no hesitancy in saying that no error was committed by the referee in overruling the grounds of objection urged. We think it well to copy the following portion of his findings dealing with that point:

"In view of the fact that the Referee holds as matter of law that nothing said or understood by the parties before the signing thereof can be given in evidence to alter or change the written contract, and as I have not taken such evidence into consideration in arriving at my judgment, I do not consider it necessary to rule on the several objections to evidence the ruling on which was reserved.

The Referee wished to hear the evidence as to the conditions surrounding the parties so as to better to interpret the contract made by the parties.

The Referee finds that plaintiff and defendant had formed a combination to secure the contract from Durkee to build the warehouse and dock in question and that if either secured the contract from Durkee it was to enure to the benefit of both and before Brown would close the contract with Durkee he consulted Bowie. The Referee finds that the parties entered into a written contract and that the letter, dated May 6th, 1908, and signed T. J. Brown contains the figures submitted to Bowie by T. J. Brown, and which is referred to in the contract which

they executed and said letter is therefore to be considered as part of the contract."

This is the assignment which is principally urged before us and upon which the greatest stress is laid, the other assignments being comparatively lightly insisted upon. We have given them our careful consideration, but have been unable to detect any reversible error.

It necessarily follows that the judgment must be affirmed.

WHITFIELD, C. J. and COCKRELL, J. concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.