W. H. WILSON v. T. A. MONK, INC.

192 So. 407

Division B

Opinion Filed November 28, 1939

Rehearing Denied December 21, 1939

*Chas. S. Ausley, John C. Ausley, Wm. C. Hodges* and *Wm. J. Oven, Jr.,* for Plaintiffs in Error;

*LeRoy Collins* and *W. P. Shelley, Jr.,* for Defendant in Error.

PER CURIAM.—The record here discloses that on December 11, 1936, the parties to this suit by verbal agreement agreed to submit, and, pursuant to the agreement did file with the Board of Public Instruction of Leon County, Florida, a competitive bid for the construction of a high school

building at Tallahassee, Florida, in the name of the defendant in error and in the event the bid submitted was accepted by the school board and parties were to become joint adventurers in the construction of the building. The bid was prepared and by the parties submitted to the school board and simultaneously with the filing thereof W. H. Wilson, pursuant to his agreement with the defendant, deposited a certified check in the sum of $20,000.00 wholly from his personal funds, as required by the school board.

The joint bid of the parties was accepted and contract was awarded to them by the school board, when shortly thereafter, or on December 13, 1936, the parties caused a contract to be prepared by a Tallahassee attorney expressing the views and understanding of the parties with reference to the construction of the school building. The contract provided: (a) That Wilson had advanced $20,000.00 when his certified check accompanied the bid of the parties when filed with the school board, and he was to render additional financial aid; (b) the parties were to become jointly liable on a surety bond and each agreed to execute such papers as would be required by the surety company when writing the performance bond to be furnished the school board; (c) if the parties needed additional funds in constructing the building, notes were to be signed by the parties; (d) Monk was to receive 70% of the profits and $300.00 per month as a supervising fee while the building was being constructed, and Wilson was to receive 30% of the profits; (e) if losses accrued Monk was to absorb 70%, while Wilson was to pay 30%; (f) the contract for materials going into the building provided that Wilson should have the refusal in selling same, but he was required to meet competition price on such materials, and if the competition prices were acceptable, he would then have the right to sell the

same; (g) it was not known by the parties at the time the agreement was made the requirements of the surety company as to the execution of the performance bond, but when known a revision and redraft of the agreement would be made and signed.

The requirements of the parties demanded by the surety company in establishing its liabilities by posting the performance bond was made known in the early part of January, 1937. Friction arose when the surety company requested that the plaintiff contribute $25,000.00 to the assets of the defendant, T. A. Monk, Inc., and that the defendant pay or obtain an additional $25,000.00, thereby making a total increase in the assets of the defendant T. A. Monk, Inc., in the form of contributions in the total sum of $50,000.00. When these sums were paid in and made known to the surety company, a surety bond of performance would be filed with the board of public instruction.

The referee found as a matter of fact that the plaintiff declined or refused to comply with the requirements of the bonding company unless T. A. Monk, Inc., would agree or allow plaintiff to share 50 per cent in the net profits arising out of the construction of the building, and when it was being discussed by the parties in Tampa on February 10, 1937, the defendant refused or declined to divide the net profits on a fifty-fifty basis with the plaintiff or otherwise accept his proposal.

The referee found as a matter of fact that the plaintiff relinquished his right to divide the profits arising from the construction of the building on a 30 and 70 per cent basis in consideration of the defendant purchasing from the plaintiff the materials necessary to the construction of the building on the terms or conditions authorized in provision (f), *supra,* of the original agreement.

On March 3, 1937, plaintiff filed a suit in the Circuit Court of Leon County, Florida, for the purpose of recovering damages for the breach of contract in the form of profits growing out of the sale of materials and supplies. The lower court, on stipulation of counsel for the respective parties, referred the case at bar to the Honorable James Messer, Jr., a practicing attorney of the Tallahassee bar, who was appointed referee with the direction that he take the evidence of the parties and report in writing his findings on the law and fact as to *whether or not there existed any liability on the part of the defendant.* Other conditions appear in the order appointing the referee unnecessary to be considered in deciding the case at bar. The case was heard by the referee on the declaration and nine pleas thereto.

The referee heard the evidence and filed a number of exhibits offered by the respective parties and in a written report to the court below held that there was no liability on the part of the defendant and recommended that a judgment be entered by the court for the defendant below. The record shows exceptions to the report of the referee were made on the part of counsel for the plaintiff below, which were by the lower court denied, and the findings of the referee that there was no liability on the part of the de fendant to the plaintiff under the issues as made by the pleadings were confirmed and a final judgment for the defendant was entered. A writ of error was obtained, the record perfected and the case is here for review.

It is settled law in Florida that the findings of a referee upon questions of fact, where the witnesses are examined before him, are entitled to the same weight as the verdict of a jury. In neither the one case nor the other would an appellate court be warranted in disturbing such findings or verdict or in reversing the judgment because the evi-

dence is conflicting. See Brown v. Bowie, 58 Fla. 199, 50 So. 637; Atrantic Coast Line R. Co. v. Partridge, 58 Fla. 153, 50 So. 634; Atlantic Coast Line R. Co. v. Sandlin, 75 Fla. 539, 78 So. 667.

When the plaintiff contacted Mr. Monk in Tampa during the month of February, 1937, the building contract was discussed. The plaintiff had posted a $20,000.00 check with the school board and thought he was entitled to a portion of the potential profits. The defendant contended that he had returned the $20,000.00 to the plaintiff with interest, and was under no further legal duty to him. The plaintiff contended that the parties agreed that the defendant was to bill all materials for the building through him and that the defendant had ratified this part of the contract by placing certain orders with him. It is true and the record shows that certain orders for materials were filled by the plaintiff but the defendant contends that the right existed *only* when competitive prices were met. The defendant contended that he refused to accept the sum of $25,000.00 offered by the plaintiff to be used in financing the construction of the building and to divide the net profits on a fifty-fifty basis between the parties.

We have read the record and the briefs submitted on the part of counsel and heard able argument at the bar of this Court and fail to find reversible error. We think the judgment appealed from should be affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.